SEAN P. REIS (SBN 184044)
sreis@reisfirm.com
THE REIS LAW FIRM, A.P.C.
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 713-9440

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

[Additional counsel appearing on signature page.]

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI ESTRADA, PATRICIA GOODMAN and KIM WILLIAMS-BRITT individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>IYOGI, INC., a New York corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Vicki Estrada, Kim Williams-Britt, and Patricia Goodman bring this class action complaint against Defendant iYogi, Inc., to stop Defendant's practice of making unsolicited calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiffs, for their class action complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### NATURE OF THE ACTION

1.      Defendant iYogi, Inc. claims to be "a leading provider of tech support services to consumers and small businesses across a wide range of computing devices and software applications." iYogi allegedly offers a number of tech support services like PC installation and recovery, anti-virus/spyware, data back-up and PC speed optimization.

2.      iYogi offers its services through yearly flat-fee technical support plans.

3.      However, after the one-year service plan expires, and in an effort to retain customers, Defendant iYogi makes repeated and harassing telephone calls to consumers' telephones, even in the face of repeated requests to stop calling.  Even more egregiously, Defendant also places telemarketing calls to consumers who have never been an iYogi customer or otherwise interacted with them. Because these calls were made without the express consent of Plaintiffs and the other members of the Classes, and made with an automated telephone dialing system, each violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

4.      Neither Plaintiffs, nor the other members of the proposed Classes ever provided their cellular telephone numbers to Defendant for the purpose of receiving telemarketing calls, nor did they provide consent for Defendant to place telephone calls to them for any purpose after the expiration of their service plan.

5.      By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their telephone carriers for the receipt of such calls.

CLASS ACTION COMPLAINT                    1

6.      The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiffs filed the instant lawsuit and seek an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

7.      Plaintiff Vicki Estrada is a natural person and citizen of the State of California.

8.      Plaintiff  Kim Williams-Britt is a natural person and citizen of the State of Kentucky.

9.      Plaintiff Patricia Goodman is a natural person and citizen of the State of Texas.

10.      Defendant iYogi, Inc. is a corporation incorporated in and existing under the laws of the State of New York, with its headquarters and principal place of business located at 181 Hudson Street, Unit 1C, New York, New York 10013. iYogi conducts business throughout the State of California, this District, and nationwide. Additionally, iYogi is registered to do business with the California Secretary of State (entity number C3430371) and maintains offices in this State.

**JURISDICTION AND VENUE**

11.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., which is a federal statute.

12.      The Court has personal jurisdiction over Defendant and venue is proper in this District because it is registered to business here and transacts significant amounts of business within this District. This District is additionally proper because Plaintiff Estrada resides here and a substantial portion of the conduct giving rise to this action occurred here.

**COMMON FACTUAL ALLEGATIONS**

13.      Defendant iYogi offers remote technical support for computers and related peripheral devices such as printers. Defendant's business functions on a subscription based pricing model in which consumers sign up for year to year flat fee service plan.

CLASS ACTION COMPLAINT                              2

14. However, once those service plans expire, Defendant iYogi resorts to aggressive sales tactics to get former customers to sign up again: repeated and unsolicited telemarketing.

15. As a consumer's service plan with iYogi comes to an end, Defendant begins calling and soliciting the individual to enter into a new service plan for an additional fee.

16. Yet, even if the consumer informs the telemarketer that they are not interested in a new contract, and that they do not want to be called again, the calls continue unabated.

17. Once the service plan actually expires, and any relationship between the consumer and Defendant ends, the calls continue for months, with consumers receiving calls several times per week, and even more than once per day.

18. Regardless of whether a consumer refuses the offer, had previously asked that Defendant not call, or again and expressly and repeatedly asks that the calls stop, Defendant will continue to call.

19. In addition to placing harassing calls to its former customers,  iYogi also places telemarketing calls to consumers who have *never had an iYogi service plan*. Like calls placed to former customers, these calls can occur multiple times per week.

20. Defendant utilizes several different numbers in order to trick consumers into answering (instead of screening a recognizable number).  Those numbers include but are not limited to: (877) 314-5230, (877) 384-6406, (877) 466-7164, (877) 314-5232, (877) 473-0276, (877) 687-6011, (877) 204-7985, (800) 237-3901, (877) 314-5231, (877) 891-2936, (866) 712-9860, and (866) 489-8390. Online complaint boards contain hundreds of consumer complaints regarding unwanted calls made by Defendant from the above listed numbers.

**FACTS SPECIFIC TO PLAINTIFF ESTRADA**

21. Plaintiff Estrada retained Defendant's services over the phone in or around November 2011 to help with a computer printer issue. At the time, Plaintiff Estrada provided payment information for a one year contract for ongoing computer support services. As the subscription was not an auto-renewal plan, Plaintiff Estrada's service plan expired in December 2012.

22.     Leading up to Plaintiff Estrada's service plan expiration, Defendant placed numerous calls to her cellular telephone soliciting her to renew her service plan. Plaintiff explicitly stated that she was not interested in renewing her plan and expressly asked that Defendant not make further calls to her.

23.     In direct contrast to her requests, Defendant made phone calls to Plaintiff Estrada on dozens of occasions between January 2013 and the present, all after her service plan had expired. The calls came from such numbers as (877) 384-6406, (877) 466-7164, (877) 314-5230, and (877) 314-5232. The express purpose of these calls was to sell plaintiff another subscription to iYogi's service.

24.     Plaintiff Estrada received numerous calls per week, at times daily, from Defendant. For example, Plaintiff received calls from Defendant on July 15th, 16th, 17th, 18th, 23rd, 24th, 25th, 26th, and 31st.

25.     Plaintiff Estrada did not answer the vast majority of calls because she recognized the telephone numbers on her caller ID as belonging to Defendant.

26.     Plaintiff Estrada did not provide her cellular telephone number to Defendant for telemarketing purposes and never consented to receive telephone calls from Defendant. Even more, Plaintiff never consented to receive telemarketing calls from Defendant after her service plan expired and her relationship with Defendant was finished.

27.     Plaintiff Estrada's cellular telephone number has been registered with the National Do Not Call Registry since before she had any interaction with Defendant. Plaintiff Estrada re-registered her cellular telephone number with the National Do Not Call Registry on June 11, 2013, in an effort to stop Defendant's ongoing calls, yet still received calls from Defendant more than thirty days later.

### FACTS SPECIFIC TO PLAINTIFF GOODMAN

28.     In or around 2012, Plaintiff Goodman signed up for an iYogi service plan.

29.     Leading up to Plaintiff Goodman's service plan expiration, Defendant placed numerous calls to her cellular telephone soliciting her to renew her service plan.

30.     Plaintiff had been unhappy with the service provided by Defendant, and repeatedly

informed Defendant that she had no interest in their service and that she wanted them to stop calling her. Specifically, prior to the expiration of her service plan, Plaintiff called and sent an email to Defendant stating that she had no interest in renewing her subscription and that she wanted the calls to stop.

31.     Yet, following the expiration of her service plan in or around March 2013, Plaintiff Goodman receive dozens of calls, sometime multiple times per day, soliciting her to pay for a new service plan. Because Plaintiff recognized the incoming telephone numbers ((800) 237-3901 and (877) 473-0276), she did not answer the vast majority of these calls.

32.     In or around May 17, 2013, Plaintiff Goodman answered one of numerous calls from Defendant and *again* requested that the calls cease.  While the calls stopped briefly, they resumed on June 26, 2013.

33.     Plaintiff Goodman's cellular telephone number has been registered with the National Do Not Call Registry since before she had any interaction with Defendant. Plaintiff re-registered her cellular telephone number with the National Do Not Call Registry on May 6, 2013, in an effort to stop Defendant's ongoing calls, yet still received calls from Defendant more than thirty days later.

**FACTS SPECIFIC TO PLAINTIFF WILLIAMS-BRITT**

34.     Plaintiff Williams-Britt has never had an iYogi service plan, nor has she provided iYogi with her cellular telephone number.

35.     Plaintiff's cellular telephone number has also been listed on the National Do Not Call Registry since prior to 2013.

36.     Starting in or around August 2013, Defendant began calling Plaintiff's cellular telephone number from the phone number (877) 891-2936.

37.     Plaintiff was able to identify Defendant as the caller from her caller ID system.

38.     Defendant called Plaintiff well over a dozen times (multiple times per day), including, for example, on September 6th, 7th, 9th, 11th, 12th, 13th, 14th, and 16th.

39.     Plaintiff never consented to receive calls from Defendant.

40.     The calls made to all three Plaintiffs and members of the Classes were made using

equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.  Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer.  This technology dials several numbers simultaneously and connects the call to only those who answer first.

41.     Defendant was and are aware that the above described telephone calls were and are being made to consumers without those consumers' prior express consent and after they have expressly requested that the calls cease.

## CLASS ALLEGATIONS

42.     Plaintiff Williams-Britt brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a Class defined as follows:

**Cell Phone (No Service Plan) Class**

Any person in the United States who (1) received a telephone call; (2) on a cellular telephone number; (3) made by or on behalf of Defendant; (4) who never purchased an iYogi service plan.

Plaintiffs Estrada and Goodman bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and a Class defined as follows:

**Cell Phone (Expired Service Plan) Class**

Any person in the United States who (1) received a telephone call; (2) on a cellular telephone number; (3) made by or on behalf of Defendant; (4) after the call recipient's iYogi service plan had expired.

Plaintiffs Goodman brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself  of a Class defined as follows:

**Cell Phone (Revocation) Class**

Any person in the United States who (1) received a telephone call; (2) on a cellular telephone number; (3) made by or on behalf of Defendant; (4) after the call recipient's iYogi service plan had expired; (5) who, after the call recipient's service plan had expired, expressly requested that Defendant iYogi no longer place telephone calls to him or her; and (6) thereafter Defendant made or had made on its behalf an additional telephone call to his or her cellular telephone. .

Plaintiffs jointly bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and a Class defined as follows:

**Do Not Call Registry Class**

Any person in the United States who (1) received more than one telephone call made by or on behalf of Defendant iYogi; (2) within any 12-month period; (3) after the call recipient's iYogi service plan had expired; and (4) the call recipient's telephone number was registered with the National Do Not Call Registry.

43.     **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the definitions of the Classes. Members of the Classes can be identified through Defendant's records.

44.     **Typicality**: Plaintiffs' claims are typical of the claims of other members of the Classes, in that Plaintiffs and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

45.     **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and they have retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiffs.

46.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant's conduct constitutes a violation of the TCPA;

(b)     whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

(c)     whether Defendant systematically made telephone calls to persons who did not previously provide it with prior express consent to receive such telephone calls;

(d)     whether Defendant systematically made telephone calls to Cell Phone (No Service Plan) Class members who had never purchased an iYogi service

plan;

    (e)    whether Defendant systematically made telephone calls to Cell Phone (Expired Service Plan) Class members after their iYogi service plan had expired;

    (f)    whether Defendant systematically made telephone calls to Cell Phone (Revocation) Class members after they had expressly requested that the telephone calls from Defendant cease;

    (g)    whether Defendant systematically made telephone calls to members of the Do Not Call Registry Class whose telephone numbers were registered with the National Do Not Call Registry; and

    (h)    whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

47.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### COUNT I
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of Plaintiff Williams-Britt and the Cell Phone (No Service Plan) Class)**

48.    Plaintiff Williams-Britt incorporates by reference the foregoing allegations as if

1    fully set forth herein.

2         49.    Defendant made unsolicited telephone calls to cellular telephone numbers

3    belonging to Plaintiff Williams-Britt and the other members of the Cell Phone (No Service Plan)

4    Class without their prior express consent to receive such calls.

5         50.    Plaintiff Williams-Britt and the other members of the Cell Phone (No Service Plan)

6    Class never purchased a service plan from Defendant.

7         51.    Defendant made telephone calls to Plaintiff Williams-Britt and the other members

8    of the Cell Phone (No Service Plan) Class using equipment that had the capacity to store or

9    produce telephone numbers to be called using a random or sequential number generator and to dial

10   such numbers.

11        52.    Defendant utilized equipment that made the telephone calls to Plaintiff Williams-

12   Britt and other members of the Cell Phone (No Service Plan) Class simultaneously and without

13   human intervention.

14        53.    By making unsolicited telephone calls to Plaintiff Williams-Britt and members of

15   the Cell Phone (No Service Plan) Class's cellular telephones without prior express consent, and by

16   utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. §

17   227(b)(1)(A)(iii).

18        54.    As a result of Defendant's unlawful conduct, Plaintiff Williams-Britt and the

19   members of the Cell Phone (No Service Plan) Class suffered actual damages in the form of monies

20   paid to receive the unsolicited telephone calls on their cellular phones and under section

21   227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such

22   violation of the TCPA.

23        55.    Should the Court determine that Defendant's conduct was willful and knowing, the

24   Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable

25   by Plaintiff Williams-Britt and the other members of the Cell Phone (No Service Plan) Class.

26

27

28

CLASS ACTION COMPLAINT                          9

**COUNT II**

**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of Plaintiffs Estrada and Goodman**
**and the Cell Phone (Expired Service Plan) Class)**

56.     Plaintiffs Estrada and Goodman incorporate by reference the foregoing allegations as if fully set forth herein.

57.     Defendant made unsolicited telephone calls promoting its products and services to cellular telephone numbers belonging to Plaintiffs Estrada and Goodman and the other members of the Cell Phone (Expired Service Plan) Class without their prior express consent to receive such calls.

58.     Defendant made the telephone calls to Plaintiffs Estrada and Goodman and the other members of the Cell Phone (Expired Service Plan) Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

59.     Defendant utilized equipment that made the telephone calls to Plaintiffs Estrada and Goodman and other members of the Cell Phone (Expired Service Plan) Class simultaneously and without human intervention.

60.     By making the unsolicited telephone calls to Plaintiffs Estrada and Goodman and members of the Cell Phone (Expired Service Plan) Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

61.     As a result of Defendant's unlawful conduct, Plaintiffs Estrada and Goodman and the members of the Cell Phone (Expired Service Plan) Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

62.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs Estrada and Goodman and the other members of the Cell Phone (Expired Service

Plan) Class.

**COUNT III**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of Plaintiff Goodman and the Cell Phone (Revocation) Class)**

63.     Plaintiff Goodman incorporates by reference the foregoing allegations as if fully set forth herein.

64.     Defendant made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff Goodman and the other members of the Cell Phone (Revocation) Class without their prior express consent to receive such calls after they had expressly requested that Defendant stop calling them.

65.     Defendant made the telephone calls to Plaintiff Goodman and the other members of the Cell Phone (Revocation) Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

66.     Defendant utilized equipment that made the telephone calls to Plaintiff Goodman and other members of the Cell Phone (Revocation) Class simultaneously and without human intervention.

67.     By making the unsolicited telephone calls to Plaintiff Goodman as well as members of the Cell Phone (Revocation) Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

68.     As a result of Defendant's unlawful conduct, Plaintiff Goodman and the members of the Cell Phone (Revocation) Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

69.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff Goodman and the other members of the Cell Phone (Revocation) Class.

## COUNT IV
### Violation of the TCPA, 47 U.S.C. § 227(c)(5)
### (On behalf of Plaintiffs and the Do Not Call Registry Class)

70.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

71.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may," bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

72.     The Telephone Consumer Protection Act's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation" to "…(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

73.     47 C.F.R. § 64.1200 (e), provides that § 64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

74.     47 C.F.R. § 64.1200(d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for *5* years from the time the request is made.

75.      Defendant violated § 64.1200(c) by initiating telephone solicitations to wireless and residential telephone subscribers such as Plaintiffs and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendant, as set forth in § 64.1200(d)(3).

76.      Defendant and/or its agents made more than one unsolicited telephone call to Plaintiffs and members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls.

77.      Defendant violated § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiffs and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for

1    maintaining a list of persons who request not to receive telemarketing calls from them.

2        78.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Do Not Call

3    Registry Class received more than one telephone call within a 12-month period made by or on

4    behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of

5    Defendant's conduct as alleged herein, Plaintiffs and the Do Not Call Registry Class suffered

6    actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to

7    $500 in damages for such violations of § 64.1200.

8        79.    To the extent Defendant's misconduct is determined to be willful and knowing, the

9    Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the

10   members of the Do Not Call Registry Class.

11                              **PRAYER FOR RELIEF**

12       WHEREFORE, Plaintiffs Vicki Estrada, Patricia Goodman, and Kim Williams-Britt

13   individually and on behalf of the Classes, pray for the following relief:

14       1.    An order certifying the Classes as defined above, appointing Plaintiff Vicki

15   Estrada, Patricia Goodman, and Kim Williams-Britt as representatives of the Classes, and

16   appointing their counsel as Class Counsel;

17       2.    An award of actual and statutory damages;

18       3.    An injunction requiring Defendant to cease all unsolicited telephone calling

19   activities, and otherwise protecting the interests of the Classes;

20       4.    An award of reasonable attorneys' fees and costs; and

21       5.    Such other and further relief that the Court deems reasonable and just.

22

23

24

25

26

27

28

1

## JURY DEMAND

2          Plaintiff requests a trial by jury of all claims that can be so tried.

3

Dated: September 23, 13                    Respectfully Submitted,

4
                                           **VICKI ESTRADA, PATRICIA GOODMAN**, and
5                                          **KIM WILLIAMS-BRITT** individually and on
                                           behalf of classes of similarly situated individuals,
6

7                                          By:_____
                                                     One of Plaintiff's Attorneys
8
SEAN P. REIS (SBN 184044)
9   sreis@reisfirm.com
THE REIS LAW FIRM, A.P.C.
10  30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
11  Telephone: (949) 713-9440

12  JAY EDELSON*
jedelson@edelson.com
13  RAFEY S. BALABANIAN*
rbalabanian@edelson.com
14  CHRISTOPHER DORE*
cdore@edelson.com
15  BENJAMIN H. RICHMAN*
brichman@edelson.com
16  EDELSON LLC
350 North LaSalle Street, Suite 1300
17  Chicago, IL 60654
Telephone: (312) 589-6370
18
STEFAN COLEMAN, ESQ.*
19  law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
20  201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
21  Telephone: (877) 333-9427

22  * Admission *pro hac vice* to be filed.

23

24

25

26

27

28

CLASS ACTION COMPLAINT                              15