John A. Vogt
javogt@JonesDay.com
Ann T. Rossum
atrossum@JonesDay.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408
Telephone: 949.851.3939
Facsimile: 949.553.7539

Jayant W. Tambe*
jtambe@JonesDay.com
JONES DAY
222 East 41st Street
New York, NY 10017.6702
Telephone: 212.326.3939
Facsimile: 212.755.7306

J. Todd Kennard*
jtkennard@JonesDay.com
Brandy H. Ranjan*
branjan@JonesDay.com
JONES DAY
325 John H. McConnell Blvd., Suite 600
P.O. Box 165017
Columbus, OH 43216-5017
Telephone: 614.469.3939
Facsimile: 614.461.4198

*Attorneys for Defendant
iYogi, Inc.*

*Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Vicki Estrada, Patricia Goodman, and Kim Williams-Britt, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>iYogi, Inc., a New York corporation,<br><br>Defendant. | **Case No. 2:13-cv-01989-WBS-CKD**<br><br>**DEFENDANT iYOGI, INC.'S ANSWER AND ADDITIONAL DEFENSES TO THE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:       February 3, 2014<br>Judge:      William B. Shubb<br>Magistrate: Carolyn D. Delaney |

Defendant iYogi, Inc. ("iYogi") hereby responds to the First Amended Class Action Complaint [ECF No. 32] ("Complaint") as follows based on inquiries to date:

### NATURE OF THE ACTION

1. iYogi admits that it is a leading provider for tech support services to consumers and small businesses across a wide range of computing devices and software applications. iYogi also admits that it offers certain technical support services, include certain assistance related to personal computers, including installation, recover, anti-virus/spyware, data back-up and speed PC speed optimization. iYogi denies any remaining allegations in Paragraph 1.

2. iYogi admits that it offers services through terms and conditions that are available to consumers and that those services can include "yearly flat-fee technical supports plans" (as that term is understood by iYogi). iYogi denies any remaining allegations in Paragraph 2.

3. iYogi denies the allegations in Paragraph 3, including any legal conclusions.

4. iYogi is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 regarding which telephone numbers Plaintiffs provided iYogi and therefore denies the allegations in Paragraph 4 at this time, including the allegation that it called Plaintiffs without their consent.

5. iYogi denies the allegations in Paragraph 5.

6. iYogi admits that the plaintiffs purport to seek relief under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq. ("TCPA"). Further responding, iYogi admits that the TCPA contains terms that speak for themselves. iYogi admits that Plaintiffs purport to seek injunctive relief, statutory damages, costs, and attorneys' fees but denies that Plaintiffs are entitled to the relief requested. iYogi denies any remaining allegations in Paragraph 6.

**ANSWER AND ADDITIONAL DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

**PARTIES**

7.   iYogi states that it is informed and believes that Plaintiff Estrada is a natural person and a citizen of the State of California based on Plaintiffs' Complaint.  iYogi denies any remaining allegations in Paragraph 7.

8.   iYogi states that it is informed and believes that Plaintiff Goodman is a natural person and a citizen of the State of Texas based on Plaintiffs' Complaint.  iYogi denies any remaining allegations in Paragraph 8.

9.   iYogi states that it is informed and believes that Plaintiff Williams-Britt is a natural person and a citizen of the State of Kentucky based on Plaintiffs' Complaint.  iYogi denies any remaining allegations in Paragraph 9.

10.   iYogi, Inc. states that iYogi, Inc. is incorporated under the laws of the State of New York; that its principal place of business is located at 291 Broadway, Suite 803, New York, New York 10007; that it has been registered to do business in California during certain times but is not currently registered to do business in California; and that it has communicated with and provided certain services to consumers in the state of California, including within this district.[1]  iYogi denies any remaining allegations in Paragraph 10.

**JURISDICTION AND VENUE**

11.   Paragraph 11 contains legal conclusions to which no response is required.

12.   Paragraph 12 contains legal conclusions to which no response is required.

**COMMON FACTUAL ALLEGATIONS**

13.   iYogi admits that it offers technical support for computers and related peripheral devices such as printers and that is offers "remote technical support" for consumers (as

---

[1] Given Plaintiffs' claims, and for purposes of clarification, iYogi states that iYogi Technical Services Pvt. Ltd. has made or attempted to make calls to iYogi, Inc. customers.  For purposes of this Answer only, "iYogi" refers either to iYogi Inc. or to iYogi Technical Services Pvt. Ltd. or in some cases to both unless the context indicates otherwise.

**ANSWER AND ADDITIONAL DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

understood by iYogi). iYogi admits that it offers its services on an annual subscription basis, among other options. Except as specifically admitted, iYogi denies the allegations in Paragraph 13.

14. iYogi denies the allegations in Paragraph 14.

15. iYogi denies the allegations in Paragraph 15.

16. iYogi denies the allegations in Paragraph 16.

17. iYogi denies the allegations in Paragraph 17.

18. iYogi denies the allegations in Paragraph 18, including any legal conclusions.

19. iYogi denies that it has used the numbers identified to "trick" consumers as alleged in Paragraph 19. iYogi is without knowledge or information sufficient to form a belief as to the truth of the allegation that "[o]nline complaint boards contain hundreds of consumer complaints regarding unwanted calls made by Defendant from the [numbers listed in Paragraph 19]" and therefore denies the same at this time. iYogi denies the remaining allegations in Paragraph 19.

20. iYogi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, iYogi denies that it made all of the calls alleged in the Complaint. iYogi admits that it has sometimes used equipment that had the capacity to automatically connect calls to available telemarketers but denies that it used such equipment to make all of the calls alleged in the Complaint. iYogi denies any remaining allegations in Paragraph 21.[2]

22. iYogi denies the allegations in Paragraph 22.

---

[2] Footnote 1 in Plaintiffs' First Amended Class Action Complaint contains legal arguments to which no response is required. To the extent a response is required, iYogi states that the use of "dialers" and job postings related to "dialers" does not "bolster[]" Plaintiffs' allegations regarding the use of an ATDS, because not all "dialers" meet the statutory definition of ATDS. Nor do unverified, anonymous online complaints "corroborate [iYogi's] use of an ATDS," because any such complaints, even if true, do not speak to the statutory definition of ATDS. Accordingly, iYogi denies the allegations in Footnote 1.

- 4 -
**ANSWER AND ADDITIONAL DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

## FACTS SPECIFIC TO PLAINTIFF ESTRADA

23. iYogi admits that Plaintiff Estrada subscribed to iYogi's services over the phone in or around November 2011 and that Estrada's service plan expired in late 2012. iYogi admits that Estrada requested iYogi's services in connection with a computer printer issue. Except as specifically admitted, iYogi denies the allegations in Paragraph 23.

24. iYogi denies the allegations in Paragraph 24.

25. iYogi denies the allegations in Paragraph 25, although admits that iYogi placed or attempted to place certain calls on dates identified in response to the allegations in Paragraph 26.

26. iYogi admits that, based on information currently available, iYogi attempted to place calls (with prior consent) to Estrada on July 15, 16, 17, 18, 23, 24, 25, 26, and 31, but states that Estrada did not answer any of these attempted calls. iYogi also admits that it placed or attempted to place calls to Estrada prior to the expiration of her service plan in connection with providing the services Estrada purchased and for which Estrada subscribed. iYogi denies that any of the calls it placed to Estrada violated the TCPA. iYogi denies any remaining allegations in Paragraph 26.

27. iYogi admits that, based on information currently available, some of the calls it attempted to place to Estrada, and specifically the calls attempted to be placed in July, 2013, were not answered. iYogi is without knowledge or information sufficient to form a belief as to why Estrada failed to answer such attempted calls. iYogi denies any remaining allegations in Paragraph 27.

28. iYogi is presently without knowledge or information sufficient to form a belief as to whether the telephone number Estrada provided to iYogi was her cellular telephone number or another telephone number, and therefore denies at this time that Estrada did not provide her cellular telephone number to iYogi. iYogi denies the remaining allegations in Paragraph 28.

**ANSWER AND ADDITIONAL DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

29. iYogi is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them at this time.

### FACTS SPECIFIC TO PLAINTIFF GOODMAN

30. iYogi admits that Plaintiff Goodman subscribed to iYogi's services in 2012. iYogi denies any remaining allegations in Paragraph 30.

31. iYogi admits that leading up to the expiration of Goodman's service plan, it attempted to place calls to the telephone number Goodman provided to iYogi when she subscribed to iYogi's services, but states that such attempted calls were unanswered. Except as specifically admitted, iYogi denies the allegations in Paragraph 31.

32. iYogi is without information sufficient to form a belief as to whether Goodman had been unhappy with iYogi's services and therefore denies the same. iYogi denies the remaining allegations in Paragraph 32.

33. iYogi admits that it attempted to place calls to Goodman following the expiration of her service plan (with prior consent), but states that Goodman did not answer attempted calls. iYogi is without knowledge or information sufficient to form a belief as to why Goodman failed to answer attempted calls. iYogi denies any remaining allegations in Paragraph 33.

34. iYogi denies the allegations in Paragraph 34.

35. iYogi denies the allegations in Paragraph 35.

36. iYogi admits that, based on information currently available, on or about May 16, 2013, Goodman answered a call from iYogi. iYogi states that any such communications speak for themselves. iYogi denies the remaining allegations in Paragraph 36.

37. iYogi is presently without knowledge or information sufficient to form a belief as to whether the telephone number Goodman provided to iYogi was her cellular telephone number

or another telephone number, and therefore denies at this time that Goodman did not provide her cellular telephone number to iYogi. iYogi denies the remaining allegations in Paragraph 37.

38. iYogi is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies them at this time.

## FACTS SPECIFIC TO PLAINTIFF WILLIAMS-BRITT

39. iYogi admits that Plaintiff Williams-Britt did not purchase a paid subscription plan for iYogi's services during the years 2012 or 2013 but states that Williams-Britt was issued free subscription plans for iYogi's services when she contacted iYogi and requested iYogi's services on at least two separate occasions. iYogi is presently without knowledge or information sufficient to form a belief as to whether the telephone number Williams-Britt provided to iYogi was her cellular telephone number or another telephone number, and therefore denies at this time that Williams-Britt did not provide her cellular telephone number to iYogi. iYogi denies the remaining allegations in Paragraph 39.

40. iYogi is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies the same.

41. iYogi denies the allegations in Paragraph 41.

42. iYogi denies the allegations in Paragraph 42.

43. iYogi denies the allegations in Paragraph 43.

44. iYogi is without knowledge or information sufficient to form a belief regarding online searches Williams-Britt may have performed or conclusions she may have drawn from such searches and therefore denies the same. iYogi denies any remaining allegations in Paragraph 44.

ANSWER AND ADDITIONAL DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

45. iYogi is without knowledge or information sufficient to form a belief as to the telephone numbers that appeared on Williams-Britt's caller identification but denies calling Williams-Britt and denies any remaining allegations in Paragraph 45.

46. iYogi denies the allegations in Paragraph 46.

47. iYogi is presently without knowledge or information sufficient to form a belief as to whether the telephone number Williams-Britt provided to iYogi was her cellular telephone number or another telephone number, and therefore denies at this time that Williams-Britt did not provide her cellular telephone number to iYogi. iYogi denies the remaining allegations in Paragraph 47.

## CLASS ALLEGATIONS

48. iYogi admits that Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23, and that the classes Plaintiffs seek to certify are described in Paragraph 48 of the Complaint. iYogi denies that the classes alleged are proper or can be certified, denies that this action is suitable for class resolution, and denies any remaining allegations in Paragraph 48.

49. iYogi denies the allegations in Paragraph 49, including any legal conclusions.

50. iYogi denies the allegations in Paragraph 50, including any legal conclusions.

51. iYogi denies the allegations in Paragraph 51, including any legal conclusions. iYogi states that Plaintiffs' counsel's experience speaks for itself.

52. Paragraph 52 contains legal conclusions to which no response is necessary. To the extent a response is required, iYogi denies the allegations in Paragraph 52.

53. Paragraph 53 contains legal conclusions to which no response is necessary. To the extent a response is required, iYogi denies the allegations in Paragraph 53.

**COUNT I**
**VIOLATION OF THE TCPA, 47 U.S.C. § 227**
**(ON BEHALF OF PLAINTIFFS AND THE CELL PHONE CLASS)**

54. iYogi incorporates by reference the foregoing responses as if fully set forth herein.

55. iYogi denies the allegations in Paragraph 55.

56. Paragraph 56 contains legal conclusions to which no response is required, and iYogi therefore denies them. To the extent a response is required, iYogi denies that it made unsolicited telephone calls or that it made calls without plaintiffs' or putative class members' prior express consent, as alleged in Paragraphs 55-56 of the Complaint. iYogi also denies that it used "equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator" or to dial numbers *en masse* (as that term is understood by iYogi). iYogi admits that it has sometimes used "equipment that had the capacity to . . . receive and store lists of phone numbers, and to dial [certain] numbers," but denies that it used such equipment to make unsolicited telephone calls or calls without plaintiffs' or putative class members' prior express consent. iYogi also denies that it made all of the calls alleged in the Complaint and further denies that it made all of the calls alleged in the Complaint using equipment described in Paragraph 56. iYogi denies any remaining allegations in Paragraph 56.

57. iYogi denies the allegations in Paragraph 57.

58. iYogi denies the allegations in Paragraph 58.

59. iYogi denies the allegations in Paragraph 59.

60. iYogi admits that Plaintiffs purport to seek treble damages pursuant to 47 U.S.C. § 227(b)(3)(C) and the statutory provisions speaks for themselves, but denies that Plaintiffs are entitled to such damages or any damages. iYogi denies any remaining allegations in Paragraph 60.

**COUNT II**
**VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)(5)**
**(ON BEHALF OF PLAINTIFFS AND THE**
**CELL PHONE DO NOT CALL REGISTRY CLASS)**

61. iYogi incorporates by reference the foregoing responses as if fully set forth herein.

62. Paragraph 62 purports to quote and/or summarize selected provisions of the TCPA. iYogi states that the TCPA contains terms that speak for themselves. To the extent any further response is required, iYogi denies the allegations in Paragraph 62.

63. Paragraph 63 purports to quote and/or summarize selected regulations enacted pursuant to the TCPA, and iYogi states that the regulations contain terms that speak for themselves. To the extent any further response is required, iYogi denies the allegations in Paragraph 63.

64. Paragraph 64 purports to quote and/or summarize selected regulations enacted pursuant to the TCPA and certain documents published by the Federal Communications Commission. iYogi states that the regulations and documents contain terms that speak for themselves. To the extent any further response is required, iYogi denies the allegations in Paragraph 64.

65. Paragraph 65 purports to quote and/or summarize selected regulations enacted pursuant to the TCPA. iYogi states that the regulations contain terms that speak for themselves. To the extent any further response is required, iYogi denies the allegations in Paragraph 65.

66. iYogi denies the allegations in Paragraph 66.

67. iYogi denies the allegations in Paragraph 67.

68. iYogi denies the allegations in Paragraph 68.

69. iYogi denies the allegations in Paragraph 69.

70. iYogi admits that Plaintiffs purport to seek treble damages pursuant to 47 U.S.C. § 227(c)(5) but denies that Plaintiffs are entitled to such damages or any damages. iYogi denies any remaining allegations in Paragraph 70.

ANSWER AND ADDITIONAL DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

**COUNT III**
**VIOLATION OF THE TCPA, 47 U.S.C. § 227**
**(ON BEHALF OF PLAINTIFF GOODMAN AND THE CELL PHONE ROBO-CALL CLASS)**

71.    iYogi incorporates by reference the foregoing responses as if fully set forth herein.

72.    iYogi denies the allegations in Paragraph 72.

73.    iYogi denies the allegations in Paragraph 73.

74.    iYogi denies the allegations in Paragraph 74.

75.    iYogi denies the allegations in Paragraph 75.

76.    iYogi admits that Count III purports to seek treble damages pursuant to 47 U.S.C. § 227(b)(3)(C) but denies that Plaintiff Goodman or any member of the class is entitled to such damages or any damages.  iYogi denies any remaining allegations in Paragraph 76.

**PRAYER FOR RELIEF**

iYogi denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" paragraph, or any relief whatsoever against iYogi.

iYogi denies any remaining allegations in the Complaint not expressly admitted in this Answer.

**JURY DEMAND**

iYogi admits that Plaintiffs purport to request a trial by jury of all claims that can so be tried.

**ADDITIONAL DEFENSES**

iYogi sets forth below its additional defenses.  By setting forth these defenses, iYogi does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations.  iYogi reserve the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case and/or in the event any of the claims set forth in the Complaint is certified for class disposition.

**ANSWER AND ADDITIONAL DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

**First Additional Defense**

**(Failure to State a Claim)**

Plaintiffs and the proposed putative class members fail to state claims upon which relief may be granted.

**Second Additional Defense**

**(Statute of Limitations)**

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, by the statute of limitations found at 28 U.S.C. § 1658, or any other applicable statute(s) of limitations, given the lack of time frames identified in certain of Plaintiffs' and/or the classes' claims.

**Third Additional Defense**

**(Laches)**

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, by the doctrine of laches.

**Fourth Additional Defense**

**(Failure to Satisfy Rule 23)**

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, because this action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the proposed classes do not satisfy the requirements described therein, including, but not limited to, class definition, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability. Plaintiffs' claims, as well as those of the proposed putative classes, are further barred, in whole or in part, because Plaintiffs are not proper representatives to bring this action on behalf of any proposed class.

**Fifth Additional Defense**

**(Consent)**

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, because Plaintiffs and members of the proposed putative classes consented to receive calls from iYogi, either by providing their telephone numbers to iYogi or through any other method of

consent.  This defense is asserted in the alternative to the argument that lack of consent is an element of any of the claims asserted in the Complaint.

### Sixth Additional Defense

### (Established Business Relationship)

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, because Plaintiffs and members of the proposed classes had "established business relationships" with iYogi or otherwise requested calls from iYogi.

### Seventh Additional Defense

### (No Charge for the Call)

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, to the extent that Plaintiffs and proposed class members incurred no charges for the calls allegedly received in violation of the TCPA.

### Eighth Additional Defense

### (Good Faith Compliance)

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, because iYogi attempted in good faith to comply with the requirements of the TCPA.

### Ninth Additional Defense

### (Free Speech)

Finding iYogi liable for calling recipients who wished or consented to receive the calls or did not object to receiving the calls would violate the First Amendment of the United States Constitution and similar provisions of various state constitutions.

### Tenth Additional Defense

### (Due Process/Excessive Fines)

Awarding statutory damages (including, but not limited to, treble damages) under the TCPA would violate the Fifth Amendment and Eighth Amendment of the United States Constitution and similar provisions of various state constitutions.

### Eleventh Additional Defense

### (Unconstitutionally Vague and Overbroad)

Based on Plaintiffs' apparent interpretation, the TCPA is unconstitutionally vague and overbroad, including, but not limited to, with respect to the definition of "automatic telephone dialing system."

### Twelfth Additional Defense

### (Terms and Conditions)

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in applicable contracts and/or agreements with iYogi.

### Thirteenth Additional Defense

### (Release/Waiver)

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, by Plaintiffs' and/or proposed class members' release and/or waiver.

### Fourteenth Additional Defense

### (Estoppel/Unclean Hands)

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

### Fifteenth Additional Defense

### (No Recovery for Treble Damages)

iYogi is not liable for treble damages because iYogi did not willfully or knowingly violate the TCPA.

### Sixteenth Additional Defense

### (No Recovery for Attorneys' Fees)

Plaintiffs' and the proposed putative class members may not recover attorneys' fees because such fees are not recoverable under the TCPA.

**ANSWER AND ADDITIONAL DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

**Seventeenth Additional Defense**

**(Consideration)**

Plaintiffs' claims, as well as those of the proposed putative classes, are barred, in whole or in part, based on a lack of consideration to the extent that Plaintiffs' theory is that customers could not abide by applicable terms and conditions of contracts or agreements with iYogi.

**Eighteenth Additional Defense**

**(Right to Assert Additional Defenses and/or Counterclaims)**

iYogi does not currently have sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses or counterclaims available. iYogi expressly reserves the right to assert additional defenses or counterclaims that may come to light as the action progresses.

Dated: February 3, 2014                                JONES DAY

                                                       By: *s/ John A. Vogt*
                                                           John A. Vogt
                                                           Attorney for Defendant iYogi, Inc.

- 15 -
ANSWER AND ADDITIONAL DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT