Mark Eisen (SBN- 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100

*Attorney for Plaintiffs and the Putative Class*

John A. Vogt (State Bar No. 198677)
javogt@JonesDay.com
Ann T. Rossum (State Bar No. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, California 92612.4408
Tel.: 949.851.3939
Fax: 949.553.7539

*Attorneys for Defendant*

[Additional counsel appearing on signature page.]

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI ESTRADA, PATRICIA GOODMAN and KIM WILLIAMS-BRITT individually and on behalf of all others similarly situated,<br><br>        *Plaintiffs*,<br>  v.<br><br>IYOGI, INC., a New York corporation,<br><br>        *Defendant*. | Case No. 2:13-cv-01989-WBS-CKD<br><br>**PARTIES' JOINT INITIAL STATUS REPORT** |

Plaintiffs Vicki Estrada, Patricia Goodman and Kim Williams-Britt ("Plaintiffs") and Defendant iYogi, Inc. ("iYogi" or "Defendant") (collectively, the "Parties") submit the following Joint Initial Status Report in accordance with this Court's September 24, 2013 and January 15, 2014 Orders and Local Rule 240, and in support thereof, state as follows:

**1.    Summary of the Claims**

Plaintiffs allege that Defendant iYogi—a technical support service provider—in an effort to retain customers whose service plans had expired, made (or caused to be made) thousands of unsolicited phone calls to consumers nationwide, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Specifically, Plaintiffs allege that Defendant made these telemarketing calls without obtaining the putative class members' prior express consent, after those individuals had expressly requested that it cease making such calls, and/or despite the fact that the telephone number(s) called were registered on the National Do Not Call Registry.

Defendant iYogi denies that its policies and practices violate the TCPA. It places calls only to consumers from whom it has "prior express consent" and an "established business relationship" as those terms are defined in the TCPA and interpreted by both the Federal Communications Commission and federal courts. Because iYogi had Plaintiffs' and the putative class members' prior express consent, its calls did not violate the TCPA. Furthermore, because iYogi calls only individuals with whom it has prior business relationships, its calls did not violate the national Do-Not-Call Registry provisions of the TCPA. iYogi also honors all company-specific do-not-call requests and has adequate policies and procedures in place to ensure that it does not call individuals who have requested that iYogi not call them.

**2.    Service Upon Defendant**

Defendant was properly served with the summons and original complaint in this matter on October 10, 2013.

**3.    Potential Joinder of Additional Parties**

At this time, the Parties do not anticipate joining additional parties in this matter.

Case 2:13-cv-01989-WBS-CKD   Document 41   Filed 03/17/14   Page 3 of 8

**4.   Contemplated Amendments to the Pleadings**

Plaintiffs amended their complaint on January 8, 2014 (Dkt. 32), and Defendant answered on February 3, 2014 (Dkt. 39). The Parties do not anticipate any further amendments to the pleadings at this time, but propose that any such amendments without leave of Court be made no later than May 9, 2014.

**5.   Bases of Jurisdiction and Venue**

The Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute. Based on Plaintiffs' allegations, venue appears to be proper because Plaintiff Estrada resides in this District and a portion of the conduct allegedly giving rise to this action occurred in this District.

**6.   Proposed Discovery Plan – 26(f)**

   *a.   Initial Disclosures*

The Parties propose that they exchange their respective Rule 26(a)(1) disclosures no later than April 4, 2014.

   *b.   Scope of Discovery*

Plaintiffs anticipate taking discovery on the following non-exhaustive list of topics: (1) the total number and identity of individuals to whom Defendant and/or its agents made the unauthorized calls at issue; (2) the total number of calls Defendant and/or its agents made to those individuals; (3) the methods by which Defendant and/or its agents obtained the telephone numbers called; (4) the equipment Defendant and/or its agents used to make the calls; (5) policies or procedures maintained by Defendant and/or its agents related to the making of the telephone calls; (6) records of consent to make the calls (if any); (7) records of individuals' request(s) that Defendant and/or its agents cease making such calls; (8) policies and/or procedures maintained by Defendant and/or its agents related to obtaining consent of individuals to be called and/or otherwise complying with the TCPA; (9) contracts between Defendant and its agents related to making the telephone calls; and (10) communications between Defendant and its agents related to making the telephone calls.

Depending on Plaintiffs' claims and the discovery Plaintiffs seek, Defendant anticipates taking discovery on the following non-exhaustive list of topics: (1) details regarding the calls Plaintiffs allege iYogi placed in violation of the TCPA; (2) records related to the telephone numbers at issue; (3) contracts and agreements between Plaintiffs and iYogi; (4) Plaintiffs' consent to receive calls from iYogi; (5) Plaintiffs' alleged do-not-call requests; (6) communications between Plaintiffs and iYogi; (7) the adequacy of Plaintiffs as class representatives; (8) the adequacy of Plaintiffs' counsel as class counsel; and (9) other issues related to the propriety of this action proceeding as a class action, including issues of numerosity, typicality, adequacy, commonality, predominance, and superiority.

The Parties agree that bifurcating discovery between class and merits issues is not the most efficient way to proceed with discovery in this matter. Therefore, the Parties propose that both class and merits related discovery proceed at the same time and in accordance with the schedule of deadlines set forth in Section 7, below.

### c. *Form and Disclosure of Electronically Stored Information*

Plaintiffs recently provided Defendant a proposed ESI protocol and the Parties have agreed to further discuss and craft an appropriate stipulation, subject to the Court's approval, governing: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced; (3) the formats for preservation and production of ESI; (4) the protection of confidential and proprietary information; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and (6) any other relevant ESI issues that may arise.

### d. *Issues about Claims of Privilege*

The Parties intend to submit to the Court for its review and approval a proposed protective order governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this matter.

### e. *Changes and Limitations in Discovery*

Plaintiffs believe that discovery should proceed according to the presumptive limits set by the Federal Rules of Civil Procedure. Defendant believes that requests for production under Rule

34 should be limited to 30 requests.  The Parties reserve their right to seek additional discovery or further limits to discovery as issues arise.

**7.     Proposed Discovery and Motion Deadlines**

The Parties propose the following schedule of discovery, motion, and general case deadlines:

| EVENT | PARTIES' PROPOSED DEADLINE |
|---|---|
| *Deadline to Exchange Rule 26(a)(1) Initial Disclosures* | April 4, 2014 |
| *Deadline to Amend Pleadings and Add Parties Without Leave of Court* | May 9, 2014 |
| *Deadline to Complete Fact Discovery (Both Class and Merits)* | August 1, 2014 |
| *Plaintiffs' Deadline to Disclose Expert Witnesses Relating to Class Certification* | September 1, 2014 |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Class Certification* | October 1, 2014 |
| *Deadline for Completion of Expert Discovery Relating to Class Certification* | November 3, 2014 |
| *Plaintiffs' Deadline to File Motion for Class Certification* | December 2, 2014 |
| *Defendant's Deadline to File Opposition to Motion for Class Certification* | January 7, 2015 |
| *Plaintiffs' Deadline to File Reply in Support of Motion for Class Certification* | January 28, 2015 |
| *Plaintiffs' Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Four (4) weeks following the Court's Order on class certification |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Eight (8) weeks following the Court's Order on class certification |

| | |
|---|---|
| *Deadline to File Dispositive Motions* | Fourteen (14) weeks following the Court's Order on class certification |
| *Deadline for Filing Joint Pretrial Order and Fed. R. Civ. P. 26(a)(3) Disclosures* | TBD |
| *Pretrial Conference* | TBD |
| *Motion in Limine Hearing Date* | TBD |
| *Trial to Begin* | TBD |

**8.     Proposed Modification to Standard Pretrial Proceedings**

At this time, the Parties do not foresee a need to modify the standard pretrial proceedings provided in the Local Rules.

**9.     Estimated Length of Trial**

The Parties anticipate that a jury trial in this matter will require approximately five (5) court days.

**10.    Statement of Related Cases**

The Parties are not aware of any related cases.

**11.    Statement of Parent and Subsidiary Corporations**

Defendant filed its Statement of Parent and Subsidiary Corporations on October 24, 2013 (Dkt. 9).  Defendant certifies that the Statement remains current as of this date.

**12.    Request for Telephonic Appearance**

The Parties and their attorneys respectfully request to appear telephonically at the scheduling conference currently scheduled for Monday, March 31, 2014. Per the Court's Standing Order, the Parties also intend to file a joint motion to that effect.

Respectfully submitted,

**VICKI ESTRADA, PATRICIA GOODMAN**, and **KIM WILLIAMS-BRITT** individually and on behalf of classes of similarly situated individuals,

Dated: March 17, 2014

By: /s/ Mark Eisen
    One of Plaintiffs' Attorneys

Jay Edelson*
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Mark Eisen (SBN- 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100

Stefan Coleman, Esq.
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Tel: (877) 333-9427

* *Pro Hac Vice* Admission to Be Sought

**iYOGI, INC.**,

Dated: March 17, 2014

By: /s/ Brandy H. Ranjan (as authorized on 3/17/14)
    One of Defendant's Attorneys

John A. Vogt (State Bar No. 198677)
javogt@JonesDay.com
Ann T. Rossum (State Bar No. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, California 92612.4408
Tel.: 949.851.3939
Fax: 949.553.7539

Jayant W. Tambe*
jtambe@jonesday.com
222 East 41st Street
New York, NY 10017-6702
Tel: 212.326.3939
Fax: 212.755.7306

J. Todd Kennard*
jtkennard@JonesDay.com
Brandy H. Ranjan*
branjan@JonesDay.com
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215
Tel: 614.469.3939
Fax: 614.461.4198

*Admitted *pro hac vice*