**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICKI ESTRADA, PATRICIA GOODMAN and KIM WILLIAMS-BRITT individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> IYOGI, INC., a New York corporation, <br><br> *Defendant*. | Case No. 2:13-cv-01989-WBS-CKD <br><br> **STIPULATION OF CLASS ACTION SETTLEMENT** |

## STIPULATION OF CLASS ACTION SETTLEMENT

This Stipulation of Class Action Settlement (the "Agreement" or "Settlement") is entered into by and among Plaintiffs Vicki Estrada ("Estrada"), Patricia Goodman ("Goodman") and Kim Williams-Britt ("Williams-Britt") (collectively, "Plaintiffs"), for themselves individually and on behalf of the Settlement Class (defined herein), and Defendant iYogi, Inc. ("iYogi" or "Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties").[1] This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

### RECITALS

WHEREAS, on September 23, 2013, Plaintiffs filed a putative class action complaint in the United States District Court for the Eastern District of California, and alleged claims for damages and injunctive relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") against iYogi arising out of its alleged practice of calling consumers to promote enrollment in, or renewal of, subscriptions to iYogi (the "Action");

WHEREAS, on December 18, 2013, iYogi moved to dismiss the complaint in the Action;

WHEREAS, in response to iYogi's motion to dismiss and in lieu of filing a formal opposition to the motion, Plaintiffs filed their first amended complaint on January 8, 2014;

WHEREAS, on February 3, 2014, iYogi answered the first amended complaint, denying the substance of the claims and allegations asserted and raising numerous defenses;

WHEREAS, throughout the pendency of the Actions, the Parties kept the lines of communication open and explored the possibility of resolving the Actions without the need for further protracted litigation;

WHEREAS, as a result of their ongoing discussions, the Parties determined to proceed with a private mediation before The Honorable Morton Denlow (ret.) of JAMS on August 28,

---

[1] Except as otherwise specified, defined terms shall have the meanings set forth in Section I of this Agreement.

1   2014 in Chicago, Illinois;

2       WHEREAS, on August 28, 2014, counsel for the Parties participated in full-day mediation

3   before Judge Denlow. Although a resolution was not reached at that time, counsel for the Parties

4   continued to actively engage in ongoing settlement discussions with the assistance of Judge

5   Denlow, including exchanging additional information relevant to evaluating the potential

6   resolution of the Action;

7       WHEREAS, after several months of additional arm's-length settlement negotiations with

8   the assistance of Judge Denlow, and additional exchanges of certain requested information

9   regarding, *inter alia*, (i) iYogi's financial condition, (ii) the total number of iYogi subscribers, (iii)

10  the total number of subscribers who would have received subscription renewal phone calls to a

11  telephone number assigned to a cellular telephone service during a certain period, and (iv) iYogi's

12  procedures for honoring do-not-call requests, the Parties reached an impasse as to the settlement of

13  the Action;

14      WHEREAS, thereafter the Parties notified the Court that they had reached an impasse in

15  their settlement discussions and requested that the Court set a revised schedule of discovery and

16  general case deadlines, which it did on March 10, 2015;

17      WHEREAS, notwithstanding the Court's setting a revised scheduling order and that they

18  determined to proceed with the litigation of the Action, in late March 2015, the Parties began

19  preliminary discussion regarding the outstanding settlement issues in hopes of bridging their

20  impasse;

21      WHEREAS, after additional discussions among their counsel, the Parties were able to

22  reach an agreement in principle on the remaining settlement issues and a proposed classwide

23  settlement of the Action;

24      WHEREAS, Plaintiffs and Class Counsel have conducted a thorough examination of the

25  law and facts relating to the matters at issue in the Action regarding Plaintiffs' claims and

26  Defendant's potential defenses, including through informal discovery and exchanges of

27  information;

28      WHEREAS, the Parties engaged in extensive arm's-length settlement negotiations, which

1  included a formal mediation session;

2  WHEREAS, based on an analysis of the facts and the law applicable to Plaintiffs' claims

3  in the Action, and taking into account the burden and expense of such litigation, including the

4  risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-

5  effective and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class

6  Counsel have concluded that this Settlement provides substantial benefits to the Settlement Class

7  and the public as a whole, and is fair, reasonable, adequate, and in the best interest of Plaintiffs

8  and the Settlement Class;

9  WHEREAS, Defendant has similarly concluded that this Agreement is desirable in order to

10  avoid the time, risk and expense of defending protracted litigation, and to resolve finally and

11  completely the pending and potential claims of Plaintiffs and the Settlement Class; and

12  WHEREAS, the Parties agree that all Persons shall have an individual right to exclude

13  themselves from the Settlement Class as set forth in this Agreement, such that participation in the

14  relief provided by this Agreement shall be voluntary;

15  NOW, THEREFORE, the Parties stipulate and agree that any and all Released Claims

16  against Defendant and all other Released Parties, shall be finally settled and resolved on the terms

17  and conditions set forth in this Agreement, subject to Court approval, as a fair, reasonable and

18  adequate settlement.

19  **AGREEMENT**

20  **I.    Definitions**

21  As used herein, in addition to any definitions set forth elsewhere in this Agreement, the

22  following terms shall have the meanings set forth below:

23  1.1    "***Action***" means the case captioned *Estrada, et al. v. iYogi, Inc.*, Case No. 2:13-cv-
24  01989-WBS-CKD (E.D. Cal.).

25  1.2    "***Agreement***" means this Stipulation of Class Action Settlement (including all
exhibits and attachments hereto).

26  1.3    "***Approved Claim***" means a Claim Form submitted by a Settlement Class Member
27  that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms
of this Agreement, (b) is physically signed or electronically verified by the Settlement Class
28  Member, (c) satisfies the conditions of eligibility for a Settlement Payment as set forth herein; (d)
has been approved by the Settlement Administrator; and (e) (i) is not the subject of a challenge

pursuant to Section 6.2 of this Agreement or (ii) was challenged but approved by the special master pursuant to Section 6.2 of this Agreement.

     1.4    "*Claimant*" means a Settlement Class Member that submits a Claim Form for a Settlement Payment.

     1.5    "*Claim Form*" means the form attached hereto as Exhibit A, as approved by the Court. The Claim Form must be completed, and physically signed or verified electronically, by Settlement Class Members who wish to file a claim for a Settlement Benefit, and shall be available for download from the Settlement Website in electronic format and from the Settlement Administrator in hardcopy form.

     1.6    "*Claims Deadline*" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date sixty (60) days after the Settlement Class Notice is first disseminated to the Settlement Class. The Claims Deadline shall be clearly set forth in the Notice to be provided to the Settlement Class, the Claim Form, and the Court's order granting Preliminary Approval.

     1.7    "*Claims Period*" means the period of time during which Settlement Class Members may submit Claim Forms to receive a Settlement Payment and shall commence on the date that the Settlement Class Notice is first disseminated to the Settlement Class and shall end on the date sixty (60) days thereafter.

     1.8    "*Class Counsel*" means attorneys Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Courtney C. Booth of Edelson PC.

     1.9    "*Class Representatives*" means the named Plaintiffs in the Action, Vicki Estrada, Patricia Goodman and Kim Williams-Britt.

     1.10    "*Court*" means the United States District Court for the Eastern District of California, The Honorable William B. Shubb (or any judge sitting in his stead or to whom the Action may be transferred) presiding.

     1.11    "*Defendant's Counsel*" means attorneys Jayant W. Tambe and J. Todd Kennard of Jones Day.

     1.12    "*Effective Date*" means one business day following the latest of: (i) the date upon which the time expires for filing or noticing any appeal of the Judgment; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Judgment.

     1.13    "*Estrada*" means the named plaintiff in the Action, Vicki Estrada.

     1.14    "*Fairness Hearing*" means the hearing before the Court where the Parties will request that the Judgment be entered by the Court finally approving the Settlement as fair, reasonable and adequate, and approving the Fee Award and the Incentive Awards to the Class Representatives.

     1.15    "*Fee Award*" means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

1.16   "*Goodman*" means the named plaintiff in the Action, Patricia Goodman.

1.17    "*iYogi*" or "*Defendant*" means Defendant iYogi, Inc., a New York corporation.

1.18   "*Judgment*" means, collectively, the orders in the forms attached as Exhibits B.1 ([Proposed] Final Approval Order) and B.2 ([Proposed] Final Judgment) to this Agreement to be entered by the Court finally approving this Agreement and entering final judgment without material modifications to the proposed order, proposed judgment or this Agreement that are unacceptable to the Parties.

1.19   "*Notice Date*" means the date upon which Settlement Class Notice is first disseminated to the Settlement Class.

1.20   "*Notice Expenses*" means all reasonable costs and expenses expended in the execution of the Notice Plan, including (i) all reasonable costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, e-mailing, hosting on the Internet and publishing the Settlement Class Notice, identifying members of the Settlement Class and informing them of the Settlement, and (ii) any other reasonable and necessary Notice and Notice-related expenses.

1.21   "*Notice Plan*" means the plan described in Section VII of this Agreement for disseminating Notice to the Settlement Class Members of the terms of this Agreement and the Fairness Hearing.

1.22   "*Objection Deadline*" means the date by which Settlement Class Members must file and postmark all required copies of any written objections to this Settlement Agreement, which shall be sixty (60) days following the Notice Date.

1.23   "*Opt-Out Period*" means the period for a Settlement Class Member to file a Request for Exclusion, which shall expire sixty (60) days following the Notice Date, which period is subject to Court approval. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

1.24   "*Parties*" means, collectively, Estrada, Goodman, Williams-Britt and iYogi.

1.25   "*Person*" means any individual, corporation, trust, partnership, limited liability company or other legal entity and their respective predecessors, successors or assigns. The definition of "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.26   "*Plaintiffs*" means, collectively, Estrada, Goodman, and Williams-Britt.

1.27   "*Preliminary Approval*" means the Court's Order preliminarily approving this Settlement without material modifications to the proposed order or this Agreement that are unacceptable to the parties.  A Proposed Preliminary Approval Order is attached to this Agreement as Exhibit C.

1.28   "*Released Claims*" means any and all claims or causes of action of every kind and description (including any causes of action in law, claims in equity, complaints, suits or petitions) and any allegations of wrongdoing (including but not limited to any assertions of liability, debts, legal duties, torts, unfair or deceptive practices, statutory violations, contracts, agreements, obligations, promises, promissory estoppel, detrimental reliance, or unjust enrichment) and any demands for legal, equitable or administrative relief (including but not limited to any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages,

attorneys' fees, costs, interest, or expenses) that the Releasing Parties had or have (including but not limited to assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with: (1) any and all telephone calls made by any Released Party to subscribers or former subscribers, and (2) all claims or causes of action of every kind and description that were brought, alleged, argued, raised, or asserted in any pleading or court filing in the Action. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

1.29   "**Released Parties**" means iYogi and its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing.  Each of the Released Parties may be referred to individually as a "**Released Party**."

1.30   "**Releasing Parties**" means Plaintiffs, any Person in the Settlement Class, any Person claiming or receiving a Settlement Benefit, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees, or affiliates.  Each of the Releasing Parties may be referred to individually as a "**Releasing Party**."

1.31   "**Request for Exclusion**" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class.

1.32   "**Settlement Administration Expenses**" means Notice Expenses (defined above) and all other reasonable and necessary expenses incurred by the Settlement Administrator in handling the administration of the Settlement and performing the services it is obligated to perform under this Agreement related to administration of the Settlement, which may include the processing of Claim Forms submitted by Settlement Class Members pursuant to this Agreement and any reasonable and necessary fees related to engaging the services of a special master to review disputes regarding the validity of Claim Forms submitted.

1.33   "**Settlement Administrator**" means, subject to approval of the Court, Epiq Class Action & Claims Solutions, Inc., which will oversee the Notice Plan and the processing of Settlement Class Members' Claim Forms and payment of Settlement Payments as set forth in this Agreement.

1.34   "**Settlement Benefit**" means the benefit a Settlement Class Member may receive pursuant to this Agreement.

1.35   "**Settlement Class**" means all individuals who are iYogi subscribers or former subscribers in the United States to whom iYogi or any agent or affiliate of iYogi made or attempted to make outbound calls (including but not limited to subscription renewal calls) to a telephone number assigned to a cellular telephone service from September 23, 2009 until November 18, 2013. Excluded from the Settlement Class are: (1) the Judges presiding over the Actions, and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Persons who properly execute and submit a timely Request for Exclusion from the Settlement Classes; (4) all Persons whose claims against the Defendant have been fully and finally adjudicated and/or released; and (5) the legal representatives, successors or assigns of any such excluded Persons.

1.36    "*Settlement Class Member*" or "*Class Member*" means an individual who falls within the definition of the Settlement Class as set forth in this Agreement.

1.37    "*Settlement Class Notice*" or "*Notice*" means the form of Court-approved notice of this Agreement that is disseminated to the Settlement Class. The Parties have proposed that the Court approve notice in the form attached to this Agreement as Exhibit D.

1.38    "*Settlement Payment*" means the payment to be made on Approved Claims as described in Section V of this Agreement.

1.39    "*Settlement Website*" means the website to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms, and provides access to relevant case documents including the Settlement Class Notice, information about the submission of Claim Forms and other relevant documents, including downloadable Claim Forms.

1.40    "*United States*" means the fifty (50) states, the District of Columbia, and the territories of the United States of America.

1.41    "*Unknown Claims*" shall have the meaning set forth in Section IV of this Agreement.

1.42    "*Williams-Britt*" means the named plaintiff in the Action, Kim Williams-Britt.

**II.    For Settlement Purposes Only**

2.1.    This Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only and Defendant specifically denies any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by Defendant of (i) the validity of any claim, defense or fact asserted in the Actions or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

**III.    Required Events and Cooperation by Parties**

3.1.    **Preliminary and Final Approval.** Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court and shall move the Court to enter a Preliminary Approval Order, in the form attached as Exhibit C, which shall include, among other provisions, a request that the Court:

a.    Appoint Plaintiffs as Class Representatives for settlement purposes only and without prejudice to Defendant's right to contest class certification if this Agreement is not approved;

b.      Appoint Class Counsel to represent the Settlement Class for settlement purposes only;

c.      Conditionally certify the Settlement Class under Fed. R. Civ. P. 23 for settlement purposes only and without prejudice to Defendant's right to contest class certification if this Agreement is not approved;

d.      Preliminarily approve this Agreement for purposes of disseminating Notice to the Settlement Class;

e.      Approve the form and content of the Settlement Class Notice and the method of its dissemination to members of the Settlement Class;

f.      Approve the Claims Deadline, Opt-Out Period, and Objection Deadline; and

g.      Schedule a Fairness Hearing to review comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the application for a Fee Award and Incentive Awards to the Class Representatives, and to consider whether the Court shall issue a Judgment approving this Agreement, granting Class Counsel's application for the Fee Award and Incentive Awards to the Class Representatives, and dismissing the above-captioned Action with prejudice.

3.2.    **Cooperation.** The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish the events required in Section 3.1 of this Agreement on the schedule set by the Court, subject to the terms of this Agreement.

3.3.    **Certification of the Settlement Class.** For purposes of this Settlement only, Plaintiffs and Defendant stipulate to the certification of the Settlement Class, which is contingent upon the Court's final approval of this Settlement and the occurrence of the Effective Date. Should the Settlement not receive final approval from the Court or the Effective Date not occur, the certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification for all other purposes.

3.4     **Final Approval.** Class Counsel shall move the Court for final approval of this Settlement and entry of the Judgment, to be issued following the Fairness Hearing; within a reasonable time after the Claims Deadline, Objection Deadline, and Opt-Out Period; and at least

1  ninety (90) days after Defendant notifies the appropriate government officials of this Settlement

2  Agreement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

3  **IV.**   **Releases**

4      4.1.   **The Release.** Upon the Effective Date, and in consideration of the Settlement

5  Benefits described herein, each Releasing Party shall be deemed to have released, acquitted and

6  forever discharged Defendant and each of the Released Parties from any and all Released Claims.

7      4.2.   **Unknown Claims.** The Released Claims include the release of Unknown Claims.

8  "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any

9  member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if

10 known by him, her or it, might affect his, her or its agreement to release the Released Parties or the

11 Released Claims or might affect his, her or its decision to agree, object or not to object to the

12 Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party

13 shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent

14 permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code,

15 which provides as follows:

16      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
        CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
17      FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
        BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER
18      SETTLEMENT WITH THE DEBTOR.

19 Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have,

20 waived any and all provisions, rights and benefits conferred by any law of any state, the District of

21 Columbia or territory of the United States, by federal law, or principle of common law, or the law

22 of any jurisdiction outside of the United States, which is similar, comparable or equivalent to

23 Section 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing

24 Parties acknowledge that they may discover facts in addition to or different from those that they

25 now know or believe to be true with respect to the subject matter of the Release, but that it is their

26 intention to finally and forever settle and release the Released Claims, including but not limited to

27 any Unknown Claims they may have, as that term is defined in this Paragraph.

28      4.3.   **Exclusive Remedy.** This Agreement shall be the sole and exclusive remedy of the

Releasing Parties against any of the Released Parties relating to any and all Released Claims. None of the Released Parties shall be subject to liability or expense of any kind to any Releasing Party who has not timely filed a valid Request for Exclusion with respect to any Released Claim. Upon the entry of the Judgment, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or proceeding.

      **4.4.**   **Jurisdiction of the Court.** The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the above-captioned Action, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations of this Agreement.

**V.**     **Settlement Benefits**

      **5.1.**   **Modifications to Terms and Conditions.** Within forty-five (45) days of the Effective Date, and for a period of two years commencing on the Effective Date, iYogi will revise its applicable terms and conditions for technical support services regarding customers' providing consent for iYogi or any affiliate or agent to place "telephone calls" to new subscribers and also provide additional language regarding new subscribers' option to revoke such consent.

      **5.2.**   **Settlement Payments.** Settlement Class Members may submit a Claim Form to request to receive a one-time payment of $40.00.  In addition to the Settlement Administration Expenses, Notice Expenses, the Fee Award, and Incentive Awards to the Class Representatives described in this Agreement, Defendant shall be obligated to make or cause to be made Settlement Payments to Settlement Class Members that submit Approved Claims. Defendant shall make or cause to be made all payments hereunder through the Settlement Administrator.

**VI.**    **Claims Process & Settlement Administration**

      **6.1.**   **Submission of Claims.**

         a.   *Submission of Electronic and Hard Copy Claims*. Settlement Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website, or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement Administrator. Claim Forms must be

submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and is not required to, but may, provide Claimants the ability to cure defective claims.

b.      *Requests for Claim Forms*. Any Settlement Class Member unable or unwilling to complete an online Claim Form or download a Claim Form from the Settlement Website may call a toll free number to be established by the Settlement Administrator, or write to the Settlement Administrator, to request a hardcopy Claim Form. In order to be sent a hardcopy Claim Form, the Settlement Class Member must provide his or her name and mailing address.

6.2.   **Review of Claim Forms.** The Settlement Administrator will review and make recommendations to the Parties regarding whether to accept or reject Claim Forms submitted by Settlement Class Members. Plaintiffs and Defendant will each have the right to challenge any Claim Form on account of indicia of fraud, insufficient information provided in the form, or otherwise. To the extent the Parties are unable to agree whether to accept or reject a challenged Claim Form, they shall meet and confer to try to resolve their differences. To the extent differences remain, the contested Claim Forms shall be referred to a special master for final determination as to their validity. To the extent that a Settlement Class Member's claim is denied by both Parties, he or she shall have the option of referring the matter to the special master for a final determination. If more than 250 disputed Claim Forms are referred to the special master, then either Plaintiffs or Defendant may terminate the Settlement. All reasonable and necessary fees for the services of the special master shall be paid by or on behalf of Defendant.

6.3.   **Settlement Administrator's Duties.**

a.      *Cost Effective Claims Processing*. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner.

b.      *Dissemination of Notices*. The Settlement Administrator shall disseminate the Settlement Class Notice as provided in Section VII of this Agreement.

c.       *Maintenance of Records.* The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator shall:

i.       Receive Requests for Exclusion from Settlement Class Members and provide to Class Counsel and Defendant's Counsel a copy thereof no later than five (5) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion or other requests from Settlement Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

ii.       Provide weekly or other periodic reports to Class Counsel and Defendant's Counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected by the Settlement Administrator.

iii.       Make available for inspection by Class Counsel and Defendant's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

iv.       Cooperate with any audit by Class Counsel or Defendant's Counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness and compliance with the terms and conditions of this Agreement.

d.   *Creation of Settlement Website*. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including but not limited to a copy of the Settlement Class Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative complaint in the Action. The Settlement Website shall also include a toll free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly.

e.   *Requests for Additional Information*. In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

f.   *Timing of Settlement Payments*. The Settlement Administrator shall make all Settlement Payments contemplated in Section V of this Agreement by check and mail them to Settlement Class Members within sixty (60) days after the Effective Date.

6.4.   **Payment of Notice and Settlement Administration Expenses.** Defendant shall pay or cause to be paid all Notice and Settlement Administration Expenses.

## VII.   **Settlement Class Notice**

7.1.   **Direct Notice.** Within seven (7) days after Preliminary Approval of this Agreement, including the form and content of the Settlement Class Notice, Defendant shall provide the Settlement Administrator with a list containing the last known e-mail addresses in its possession for the potential members of the Settlement Class. Within twenty-one (21) days after receipt of the e-mail list from Defendant, the Settlement Administrator shall disseminate the Settlement Class Notice to the members of the Settlement Class via e-mail. The Settlement Class Notice shall be substantially in the form attached as Exhibit D, as approved by the Court.  Other than the Court-approved notice proposed as Exhibit D, the Parties shall not send out any additional notice, attempt to contact class members other than in a manner approved by the Court or provide any press releases or comment to the media about the Settlement. Notwithstanding, Class Counsel may answer any inquiries that are initiated by Settlement Class Members.

Using a unique class member identifier contained in the Notice, Settlement Class Members can log on the Settlement Website and either download a Claim Form or submit one online. The Settlement Administrator shall use other reasonable fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Settlement Class Members, and (ii) submission of more than one Claim Form per person. For e-mails that result in a bounce-back or are otherwise undeliverable, the Settlement Administrator shall re-send the e-mail one  time.

7.2.    **Settlement Website.** Within twenty-one (21) days after Preliminary Approval of this Agreement, including the form and content of the Settlement Class Notice, and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet in accordance with Section VI of this Agreement.

7.3.    **Contents of the Settlement Class Notice.** The Settlement Class Notice shall, *inter alia*, (i) specify the deadline for Settlement Class Members to submit Requests for Exclusion from, object to, or otherwise comment upon the Settlement by day, month, and year, and state that any objection to this Agreement, and any papers submitted in support of said objection, will only be considered by the Court at the Fairness Hearing if, on or before the deadline to opt-out of, object to, or otherwise comment upon the Settlement, the Person making the objection files copies of such papers he or she proposes to submit for consideration at the Fairness Hearing with the Clerk of the Court and delivers copies of the same by mail, hand, or overnight delivery service to both Class Counsel and Defendant's Counsel; (ii) instructions on how to submit a Claim Form; (iii) the deadline for Settlement Class Members to submit Claim Forms; and (iv) the date, time and location of the Fairness Hearing. A copy of the proposed notice is attached as Exhibit D hereto.

## VIII.    Right to Exclusion and Objections

8.1.    **Right to Exclusion.** Any Settlement Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period. To be valid, any Request for Exclusion must be in writing; identify the case name *Estrada, et al. v. iYogi, Inc.*, Case No. 13-cv-1989 (E.D. Cal.); state the name, address and telephone number of the Settlement Class Members seeking exclusion (including but not limited to the phone number allegedly called); be physically signed by the Person(s) seeking exclusion; and must be postmarked or received by the Settlement

Administrator on or before the end of the Opt-Out Period. Each Request for Exclusion must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Classes in *Estrada, et al. v. iYogi, Inc.*, Case No. 13-cv-1989 (E.D. Cal.)." Any Person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. No Person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

8.2.    **Right to Object or Comment.** Any Settlement Class Member may comment in support of or in opposition to the Settlement and may do so in writing, in person, or through counsel, at his or her own expense, at the Fairness Hearing. Except as the Court may order otherwise, no Settlement Class Member objecting to the Settlement shall be heard and no papers, briefs, pleadings, or other documents submitted by any such Settlement Class Member shall be received and considered by the Court unless such Settlement Class Member shall both file with the Court and mail to Class Counsel and Defendant's Counsel a written objection with the caption *Estrada, et al. v. iYogi, Inc.*, Case No. 13-cv-1989 (E.D. Cal.), that includes: (i) the Settlement Class Member's full name and current address, (ii) the email address the Settlement Class Member believes was used in connection with purchasing an iYogi subscription; (iii) a signed declaration that he or she believes himself or herself to be a member of the Settlement Class, (iv) the specific grounds for the objection, (v) all documents or writings that the Settlement Class Member desires the Court to consider, and (vi) a statement regarding whether they (or counsel of their choosing) intend to appear at the Fairness hearing. All written objections must be filed and postmarked no later than the Objection Deadline. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action or in any other action or proceeding. While the statement described in subsection (iii) above is prima facie evidence that the objector is a member of the Settlement Class, Plaintiffs and/or Defendant may take discovery regarding the matter, subject to Court approval.

IX.     **Termination of the Agreement**

9.1.     The Class Representatives (on behalf of the Settlement Class Members) and Defendant shall each have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") within seven (7) days of the Court's refusal to grant Preliminary Approval of the Agreement in any material respect or within fourteen (14) days of any of the following: (i) the Court's refusal to enter the Judgment in any material respect, (ii) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court, (iii) receiving notice that more than 250 disputed Claim Forms have been referred to the special master (as contemplated by Section 6.2 of this Agreement), or (iv) receiving notice that 100 or more Persons in cumulative total request to be excluded from the Settlement.

X.     **Incentive Awards, Fee Award and Costs**

10.1.   **Incentive Awards.** In addition to any Settlement Payments under the Agreement and in recognition of their efforts on behalf of the Settlement Class, subject to Court approval, Defendant agrees to pay or cause to be paid to the Class Representatives a collective incentive award in the amount of $3,000 (the "Incentive Awards"). Defendant shall not object to or otherwise challenge, directly or indirectly, Class Counsel's application for the Incentive Awards to the Class Representatives if limited to this amount. Class Counsel has, in turn, agreed to seek no more than this amount from the Court as the Incentive Awards for the Class Representatives. Defendant shall disburse or cause to be disbursed (by wire) to Class Counsel the Incentive Awards approved by the Court within forty-five (45) days after the Effective Date and the receipt by Defendant of sufficient written wire instructions from Class Counsel.

10.2.   **The Fee Award.** Class Counsel is entitled to petition the Court for a reasonable Fee Award. Class Counsel shall file, and the Settlement Administrator shall post to the Settlement Website, its papers supporting the Fee Award no later than fourteen (14) days before the Objection Deadline. Class Counsel has agreed to limit their request for a Fee Award to no more than three hundred thousand dollars ($300,000.00), recognizing that such fees and expenses relate to obtaining monetary as well as prospective relief for the Settlement Class. Defendant may oppose Class Counsel's petition for the Fee Award. Notwithstanding anything herein, the Parties agree

that the Court's failure to approve, in whole or in part, the Fee Award to Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. Defendant shall pay or cause to be paid to Class Counsel the Fee Award in the amount as approved by the Court in accordance with this Paragraph up to three hundred thousand dollars ($300,000) within sixty (60) days after the Effective Date and the receipt by Defendant of sufficient written wire instructions from Class Counsel, provided that there is no appeal(s) related to attorneys' fees and/or reimbursement of expenses or, in the event that there is an appeal(s) related to attorneys' fees and/or reimbursement of expenses, within thirty (30) days after all proceedings arising out of such appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand) have completed.  Plaintiffs' counsel—Edelson PC, the Law Offices of Stefan L. Coleman, and the Law Office of Samuel M. Lasser—further acknowledge and agree that Edelson PC shall be responsible for any and all payment for attorneys' fees and costs incurred by the Law Offices of Stefan L. Coleman and the Law Office of Samuel M. Lasser; iYogi shall not be obligated to separately pay the Law Offices of Stefan L. Coleman or the Law Office of Samuel M. Lasser or any other plaintiffs' attorneys for any attorneys' fees and costs.

10.3.   **Tax Forms.**  Prior to the disbursement or payment of any Incentive Award or Fee Award under this Agreement, Class Counsel and each Class Representative shall provide to the Defendant and the Settlement Administrator a properly completed and duly executed IRS Form W-9.

## XI.   <u>Judgment</u>

11.1.   This Agreement is subject to and conditioned upon the issuance by the Court of the Judgment, which will grant final approval of this Agreement and among other things shall:

a.   Dismiss the Action with prejudice and without costs, except as contemplated by this Agreement;

b.   Decree that neither the Judgment nor this Agreement constitutes an admission by Defendant of any liability or wrongdoing whatsoever;

1        c.      Bar and enjoin all Releasing Parties from asserting against any of the

2 Released Parties any and all Released Claims;

3        d.      Release each Released Party from any and all Released Claims;

4        e.      Determine that this Agreement is entered into in good faith and represents a

5 fair, reasonable and adequate settlement that is in the best interests of the members of the

6 Settlement Class; and

7        f.      Preserve the Court's continuing and exclusive jurisdiction over the Parties

8 to this Agreement, including Defendant and all Settlement Class Members, to administer,

9 supervise, construe and enforce this Agreement in accordance with its terms for the mutual

10 benefit of the Parties, but without affecting the finality of the Judgment.

11 **XII.**   **Representations and Warranties**

12    12.1.   Each signatory to this Agreement represents and warrants (i) that he, she, or it has

13 all requisite power and authority to execute, deliver and perform this Agreement and to

14 consummate the transactions contemplated herein, (ii) that the execution, delivery and

15 performance of this Agreement and the consummation by it of the actions contemplated herein

16 have been duly authorized by all necessary corporate action on the part of each signatory, and (iii)

17 that this Agreement has been duly and validly executed and delivered by each signatory and

18 constitutes its legal, valid and binding obligation.

19 **XIII.**  **No Admission of Wrongdoing**

20    13.1.   This Agreement, whether or not consummated, and any negotiations, proceedings

21 or agreements relating to this Agreement, and any matters arising in connection with settlement

22 negotiations, proceedings, or agreements:

23        a.      Shall not be admissible in any action or proceeding for any reason, other than

24 an action to enforce the terms hereof;

25        b.      Shall not be described as, construed as, offered or received against the

26 Released Parties as evidence of and/or deemed to be evidence of any presumption,

27 concession, or admission by any Released Party of the truth of any fact alleged by Plaintiffs;

28 the validity of any claim that has been or could have been asserted in the Action or in any

litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties; and

      c.     Shall not be described as or construed against the Released Parties, Plaintiffs, or any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to said Plaintiffs or the members of the Settlement Class after trial.

## XIV.  <u>MISCELLANEOUS PROVISIONS</u>

    14.1.   **Entire Agreement.** This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. Each of the Parties to this Agreement acknowledges that no other Party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation, or warranty, express or implied, not contained in this Agreement to induce either party to execute this Agreement.  Neither Party is relying on the other Party or their agents or attorneys and rather each Party decided to resolve the dispute in their own independent determination and judgment.  This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Classes.

    14.2.   **Governing Law.** This Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws applicable to choice of law.

    14.3.   **Execution by Counterparts.** This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures sent via e-mail shall be treated as original signatures and shall be binding.

    14.4.   **Notices.** Any notice, instruction, application for Court approval or application for

Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Defendant to the attention of Defendant's Counsel, or if to Plaintiffs or the Settlement Class to Class Counsel, or to other recipients as the Court may specify. All notices to the Parties or counsel required by this Agreement, except Claim Forms and Requests for Exclusion, shall be made in writing and communicated by mail and e-mail to the following addresses:

If to Plaintiffs or Class Counsel:

> Rafey S. Balabanian
> rbalabanian@edelson.com
> Benjamin H. Richman
> brichman@edelson.com
> EDELSON PC
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654

If to Defendant or Defendant's Counsel:

> Jayant W. Tambe
> jtambe@jonesday.com
> JONES DAY
> 222 E. 41st Street
> New York, New York, 10017

14.5.   **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors and legal representatives of each of the Parties hereto.

14.6.   **Construction.** For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

14.7.   **Severability.** The waiver or breach by one Party of any provision of this Agreement shall not be deemed a waiver or breach of any other provision of this Agreement.

14.8.   **Integration of Exhibits.** The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement and are hereby incorporated and made a part of the Agreement.

14.9.   **Recitals.** The recitals contained in this Agreement are incorporated into this

Agreement and are made a part hereof.

14.10.  **Headings.** The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

14.11.  **Enforcement of the Agreement.** In the event of a breach of Sections V or X of this Agreement, any non-breaching Party shall be entitled to bring an action seeking to enforce those provisions in the United States District Court for the Eastern District of California.

14.12.  **Taxability.**  Defendant does not make and has not made any representations regarding the taxability of any Settlement Payment, Incentive Award, Fee Award and/or any other payments made pursuant to this Agreement. Plaintiffs, Class Representatives and Class Counsel (on behalf of themselves and the Settlement Class Members) represent that that they have not relied upon any representation of Defendant or its attorneys or the Settlement Administrator on the subject of taxability of any consideration provided under this Agreement. Plaintiffs, Class Representatives and Class Counsel (on behalf of themselves and the Settlement Class Members) understand and expressly agree that any income or other tax, including any interest, penalties or other payment obligations ultimately determined to be payable from or with respect to any Settlement Payment, Incentive Award, Fee Award and/or any other payments made pursuant to this Agreement, as well as any state or federal reporting obligations imposed on them arising therefrom or attributable thereto, shall not be Defendants' responsibility.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below:

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

**VICKI ESTRADA**

By (signature): _____

Name (printed): _____Vicki Estrada_____

Dated: __08 / 03 / 2015__

**PATRICIA GOODMAN**

By (signature): _____

Name (printed): _____

Dated: _____

**KIM WILLIAMS-BRITT**

By (signature): _____

Name (printed): _____Kim Williams-Britt_____

Dated: __08 / 03 / 2015__

**IYOGI, INC.**

By (signature): _____

Name (printed): _____

Its (title): _____

Dated: _____

**EDELSON PC**
Attorneys for Plaintiffs and the Settlement Class

By (signature): _____

Name (printed): _____

Their (title): _____

Dated: _____

**LAW OFFICES OF STEFAN L. COLEMAN**
Attorneys for Plaintiffs and the Settlement Class

By (signature): _____Stefan Coleman_____

Name (printed): _____Stefan Coleman_____

Their (title): _____

Dated: __08 / 04 / 2015__

**LAW OFFICE OF SAMUEL M. LASSER**
Attorneys for Plaintiffs and the Settlement Class

By (signature): _____

Name (printed): _____

Their (title): _____

Dated: _____

**VICKI ESTRADA**

Dated: _____

By (signature): _____

Name (printed): _____

**PATRICIA GOODMAN**

Dated: 08 / 03 / 2015

By (signature): _Patricia L Goodman_

Name (printed): Patricia Goodman

**KIM WILLIAMS-BRITT**

Dated: _____

By (signature): _____

Name (printed): _____

**IYOGI, INC.**

Dated: _____

By (signature): _____

Name (printed): _____

Its (title): _____

**EDELSON PC**
Attorneys for Plaintiffs and the Settlement Class

Dated: 8/3/15

By (signature): _____

Name (printed): Rafey S. Balabanian

Their (title): Partner & General Counsel

**LAW OFFICES OF STEFAN L. COLEMAN**
Attorneys for Plaintiffs and the Settlement Class

Dated: _____

By (signature): _____

Name (printed): _____

Their (title): _____

**LAW OFFICE OF SAMUEL M. LASSER**
Attorneys for Plaintiffs and the Settlement Class

Dated: _____

By (signature): _____

Name (printed): _____

Their (title): _____

STIPULATION OF CLASS ACTION SETTLEMENT   22            CASE NO. 13-CV-01989

1

2   Dated: _____

3

4

5   Dated: _____

6

7

8   Dated: _____

9

10

11   Dated: July 30, 2015

12

13

14

15

16   Dated: _____

17

18

19

20

21   Dated: _____

22

23

24

25

26   Dated: _____

27

28

**VICKI ESTRADA**

By (signature): _____

Name (printed): _____

**PATRICIA GOODMAN**

By (signature): _____

Name (printed): _____

**KIM WILLIAMS-BRITT**

By (signature): _____

Name (printed): _____

**IYOGI, INC.**

By (signature): _____

Name (printed): VICHAL DHAR

Its (title): PRESIDENT- MARKETING

**EDELSON PC**
Attorneys for Plaintiffs and the Settlement Class

By (signature): _____

Name (printed): _____

Their (title): _____

**LAW OFFICES OF STEFAN L. COLEMAN**
Attorneys for Plaintiffs and the Settlement Class

By (signature): _____

Name (printed): _____

Their (title): _____

**LAW OFFICE OF SAMUEL M. LASSER**
Attorneys for Plaintiffs and the Settlement Class

By (signature): _____

Name (printed): _____

Their (title): _____

**VICKI ESTRADA**

By (signature): _____

Name (printed): _____

**PATRICIA GOODMAN**

Dated: _____

By (signature): _____

Name (printed): _____

**KIM WILLIAMS-BRITT**

Dated: _____

By (signature): _____

Name (printed): _____

**IYOGI, INC.**

Dated: _____

By (signature): _____

Name (printed): _____

Its (title): _____

**EDELSON PC**
Attorneys for Plaintiffs and the Settlement Class

Dated: _____

By (signature): _____

Name (printed): _____

Their (title): _____

**LAW OFFICES OF STEFAN L. COLEMAN**
Attorneys for Plaintiffs and the Settlement Class

Dated: _____

By (signature): _____

Name (printed): _____

Their (title): _____

**LAW OFFICE OF SAMUEL M. LASSER**
Attorneys for Plaintiffs and the Settlement Class

Dated: 7/30/15

By (signature): _____

Name (printed): SAMUEL LASSER

Their (title): ATTORNEY

# Exhibit A

*Estrada, et al. v. iYogi, Inc.*, No. 1:13-cv-01989-WBS-CKD (E.D. Cal.)

## CLAIM FORM

Return this Claim Form, properly completed and duly executed, to: Settlement Administrator, [address]. Questions, visit www.website.com or call [toll-free number].

If you are an individual who is a current or former iYogi subscriber in the United States and received phone calls on a cellular telephone between September 23, 2009 and November 18, 2013 from iYogi or one of its affiliates, you may complete this Claim Form and may be entitled to recover a one-time cash payment of $40 under the settlement of this case.* For your claim to be considered valid, you must provide the information requested below, including your signature (or electronic verification). Your Claim Form must be postmarked or completed online on or before [date].

**Instructions for completing this form.** Please fill out the information requested below completely. If the information you provide is insufficient to determine whether you are a member of the settlement class in this case, your claim may be rejected or you may be requested to provide additional information.

| YOUR CONTACT INFORMATION |
|---|

Name:_____

      *(First)*                          *(Middle Initial)*               *(Last)*

Address:_____

      *(Street)*

      *(City)*                       *(State)*              *(Zip Code)*

Email Address Used in Connection with Purchasing an iYogi Subscription: _____

iYogi Subscription Number (if known): _____

Current Telephone Number:     (_____)_____-_____
(Please provide a phone number where you can be reached if further information is required.)

Telephone Number at Which You Received a Call(s) Made by or on Behalf of iYogi:
(_____)_____-_____

Approximate Date(s) of the Telephone Call(s) You Received from or on Behalf of iYogi (MM/DD/YYYY):
_____

Class Member Identification Number (contained in the notice you received regarding this case):
_____

| Settlement Class Member Verification |
|---|

By submitting this Claim Form and checking the boxes below, I declare that I am a member of the Settlement Class and the following statements are true:

☐ (1) I am a current or former iYogi subscriber.

☐ (2) I received one or more cellular telephone call(s) made by or on behalf of iYogi between September 23, 2009 and November 18, 2013.

☐ (3) Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief. (This box must be checked to be valid)

Signature:_____     Date:_____

Print Name:_____

Your claim will be submitted to the Settlement Administrator for review. The Parties have the right to audit all claims submitted under the settlement for accuracy, veracity and compliance with the terms and conditions of the Settlement Agreement in this case. If your Claim Form is incomplete, untimely, or contains false information, it may be rejected by the Settlement Administrator. If your claim is approved, you will be mailed a check at the street address you provide. This process takes time; please be patient.

**CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT. FILE ONLINE AT: www.website.com OR MAIL THIS CLAIM FORM TO: Settlement Administrator, [Address]. If you have questions, you may call Class Counsel at 1-866-354-3015.**

---

* Certain individuals are excluded from the settlement, including the Judges presiding over the case and members of their families as well as current or former officers, directors, and employees of the Defendant and any of its subsidiary and parent companies. See the Settlement Agreement on the Settlement Website (www.website.com) for more information.

# Exhibit B.1

1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**EASTERN DISTRICT OF CALIFORNIA**

8
9
10
11
12
13

| | |
|---|---|
| VICKI ESTRADA, PATRICIA GOODMAN and KIM WILLIAMS-BRITT individually and on behalf of all others similarly situated, | Case No. 2:13-cv-01989-WBS-CKD |
| *Plaintiffs*, | **[PROPOSED] FINAL APPROVAL ORDER** |
| v. | |
| IYOGI, INC., a New York corporation, | |
| *Defendant*. | |

14    This matter came on for hearing on _____, 2015. The Court has considered the Parties'

15  Stipulation of Class Action Settlement entered into by and among Defendant iYogi, Inc. ("iYogi")

16  and Plaintiffs Vicki Estrada ("Estrada"), Patricia Goodman ("Goodman") and Kim Williams-Britt

17  ("Williams-Britt") (collectively, "Plaintiffs"), for themselves individually and as Class

18  Representatives (collectively the "Parties"), together with all exhibits thereto, the arguments and

19  authorities presented by the Parties and their counsel, and the record in the Action, and good cause

20  appearing,

21    It is hereby ORDERED, ADJUDGED, and DECREED THAT:

22    1.    Terms and phrases in this Order not otherwise defined herein shall have the same

23  meaning as ascribed to them in the Parties' Stipulation of Class Action Settlement (ECF No. ___)

24  (the "Settlement Agreement").

25    2.    This Court has jurisdiction over the subject matter of this Action and over all

26  parties to the Action, including all members of the class it certified for settlement purposes

27  pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of "all individuals who are iYogi

28  subscribers or former subscribers in the United States to whom iYogi or any agent or affiliate of

1    iYogi made or attempted to make outbound calls (including but not limited to subscription

2    renewal calls) to a  telephone number assigned to a cellular telephone service from September 23,

3    2009 until November 18, 2013," but excluding "(1) the Judges presiding over the Actions, and

4    members of their families; (2) the Defendant, its subsidiaries, parent companies, successors,

5    predecessors, and any entity in which the Defendant or its parents have a controlling interest and

6    their current or former officers, directors, and employees; (3) Persons who properly execute[d] and

7    submit[ted] a timely Request for Exclusion from the Settlement Classes; (4) all Persons whose

8    claims against the Defendant have been fully and finally adjudicated and/or released; and (5) the

9    legal representatives, successors or assigns of any such excluded Persons."

10       3.    On _____, 2015, this Court granted Preliminary Approval of the Settlement

11   Agreement finding the Settlement Agreement to be fair, reasonable, adequate, and in the best

12   interest of the Class, subject to the Final Approval Hearing. (ECF No. ___.)

13       4.    The Court confirms certification, for purposes of settlement only, of a class

14   pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as "all individuals who are iYogi

15   subscribers or former subscribers in the United States to whom iYogi or any agent or affiliate of

16   iYogi made or attempted to make outbound calls (including but not limited to subscription

17   renewal calls) to a telephone number assigned to a cellular telephone service from September 23,

18   2009 until November 18, 2013," but excluding "(1) the Judges presiding over the Actions, and

19   members of their families; (2) the Defendant, its subsidiaries, parent companies, successors,

20   predecessors, and any entity in which the Defendant or its parents have a controlling interest and

21   their current or former officers, directors, and employees; (3) Persons who properly execute[d] and

22   submit[ted] a timely Request for Exclusion from the Settlement Classes; (4) all Persons whose

23   claims against the Defendant have been fully and finally adjudicated and/or released; and (5) the

24   legal representatives, successors or assigns of any such excluded Persons."

25       5.    Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons within the

26   Settlement Class and who have not submitted a timely and valid request for exclusion are

27   "Settlement Class Members."

28       6.    The Court finds that the Notice provided to the Settlement Class pursuant to the

1  Settlement Agreement and the Preliminary Approval Order (ECF No. ___) and consisting of

2  individual notice via email and an interactive settlement website, has been successful, was the best

3  notice practicable under the circumstances and (1) constituted notice that was reasonably

4  calculated, under the circumstances, to apprise members of the Settlement Class of the pendency

5  of the Action, their right to object to or to exclude themselves from the Settlement, and their right

6  to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and

7  sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of

8  the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

9       7.      The Court finds that Defendant properly and timely notified the appropriate

10  government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of

11  2005 ("CAFA"), 28 U.S.C. § 1715. Further, more than ninety (90) days have elapsed since

12  Defendant provided notice pursuant to CAFA.

13      8.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members

14  are bound by this Order and by the terms of the Settlement Agreement.

15      9.      Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed

16  to have, and by operation of this Order and the Judgment shall have, fully, finally, and forever

17  released, relinquished, and discharged all Released Claims against the Released Parties.

18      10.     The Class Representatives and all Settlement Class Members shall, as of the

19  Effective Date, conclusively be deemed to have acknowledged that the Released Claims may

20  include claims, rights, demands, causes of action, liabilities, or suits that are not known or

21  suspected to exist as of the Effective Date. The Class Representatives and all Settlement Class

22  Members shall be deemed to have, and shall have, expressly waived and relinquished, to the

23  fullest extent permitted by law, all protections, rights and benefits of California Civil Code Section

24  1542 and any law or legal principle of similar effect in any jurisdiction, whether federal or state.

25      11.     This Court gives final approval to the Settlement and finds that the Settlement

26  Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The

27  consideration provided under the Settlement Agreement constitutes fair value given in exchange

28  for the release of the Released Claims against the Released Parties. The Court finds that the

consideration to be paid to Settlement Class Members is reasonable and in the best interests of the

Settlement Class Members, considering the disputed issues, circumstances, and affirmative

defenses asserted in the Action, and the potential risks and likelihood of success of pursuing

litigation on the merits. The complex legal and factual posture of this case and the fact that the

Settlement is the result of arm's length negotiations between the Parties, including negotiations

presided over by The Honorable Morton Denlow (ret.) of JAMS, support this finding. The Court

finds that these facts, combined with the lack of other indicators of collusion and the Court's

observations throughout the litigation, demonstrate that there was no collusion present in the

reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset Prods.*

*Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among other

things: the fact that the Settlement provides monetary benefits to Settlement Class Members and

such benefits are not disproportionate to the attorneys' fees and expenses awarded to Class

Counsel or the Class Representatives; and the benefits provided to Settlement Class Members are

appropriate under the circumstances of this case.

12.     The Court has specifically considered the factors relevant to class settlement

approval (*see*, *e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))—including,

*inter alia*, the strength of the Plaintiffs' case; the risk, expense, complexity, and likely duration of

further litigation; the risk of not maintaining class action status throughout trial; the relief provided

for in the Settlement; the extent of discovery completed and stage of the proceedings; the

experience and views of counsel; the (non-)presence of a governmental participant; and the

reaction of members of the Settlement Class to the proposed Settlement (including the claims

submitted and number of opt-outs and/or objections)—and upon consideration of such factors

finds that the Settlement is fair, reasonable, and adequate to all concerned.

13.     The Court acknowledges that, despite entering into the Settlement, Defendant

specifically denies any and all wrongdoing, and that Defendant has agreed to settle this case in

order to avoid the burdens and expenses of litigation.  The Court therefore orders that the

existence of, terms in, and any action taken under or in connection with the Settlement shall not

constitute, be construed as, or be admissible in evidence as, any admission by Defendant of (i) the

validity of any claim, defense or fact asserted in the Actions or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant.

14.     The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

15.     Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Order in full and shall have the full force of an Order of this Court.

16.     This Court hereby dismisses the Action on the merits and with prejudice.

17.     Upon the Effective Date, the above releases of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Releasing Parties are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

18.     The Court has also considered Plaintiffs' Motion for attorneys' fees and expenses to Class Counsel and adjudges that the payment of a Fee Award in the amount of $_____ which Defendant shall pay or cause to be paid is fair and reasonable for the following reasons and those stated in Court.  In assessing the requested attorneys' fees, the Court has considered the relief achieved for the Settlement Class Members, the time and effort devoted by Class Counsel as demonstrated by their sworn declaration, and the complexity of the legal and factual issues involved. The Court finds that the Fee Award to Class Counsel identified above is fair and reasonable under the lodestar approach. *See Northwestern Fruit Co. v. A. Levy & J. Zentner Co.*, 117 F.R.D. 670, 671 (applying lodestar approach and finding the resulting amount to be fair and reasonable).

19.     The Court has also considered the Class Representatives' Motion for Incentive

Awards.  The Court adjudges that the payment of three Incentive Awards in the amount of

$_____ to the Class Representatives, which Defendant shall pay or cause to be paid, to

compensate Plaintiffs Estrada, Goodman, and Williams-Britt for their efforts and commitment on

behalf of the Settlement Class, are fair, reasonable, and justified under the circumstances of this

case.  *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013). Such

payments shall be made pursuant to and in the manner provided by the terms of the Settlement

Agreement.

20.     Defendant shall pay or cause to be paid to all Settlement Class Members who

timely submitted an Approved Claim a $40.00 one-time payment, pursuant to and in the manner

provided by the terms of the Settlement Agreement.

21.     Except as otherwise set forth in this Order, the Parties shall bear their own costs

and attorneys' fees.  The benefits and payments described in the Settlement Agreement and this

Order are the only consideration, fees, and expenses Defendant or the Released Parties shall be

obligated to give to the Class Representatives, Settlement Class Members, Releasing Parties, Class

Counsel, any other Plaintiffs' counsel, and the Settlement Administrator in connection with the

Settlement and the payment of attorneys' fees and expenses in this Action.  All other relief not

expressly granted to the Class Representatives, Settlement Class Members, Releasing Parties,

Class Counsel, any other Plaintiffs' counsel, or the Settlement Administrator is denied.

22.     The Parties, without further approval from the Court, are hereby permitted to agree

to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and

its implementing documents (including all exhibits to the Settlement Agreement) so long as they

are consistent in all material respects with this Order and do not limit the rights of Settlement

Class Members.

23.     Without affecting the finality of this Order or the judgment in any way, this Court

hereby retains continuing jurisdiction as to all matters relating to administration, consummation,

implementation, enforcement, and interpretation of the Settlement Agreement and this Order and

judgment, and for any other necessary purpose all matters ancillary thereto.

        **IT IS SO ORDERED.**

Dated this _____ day of _____, 2015

 

 

 

 

_____
HONORABLE WILLIAM B. SHUBB
UNITED STATES DISTRICT COURT

# Exhibit B.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

VICKI ESTRADA, PATRICIA GOODMAN and KIM WILLIAMS-BRITT individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

IYOGI, INC., a New York corporation,

*Defendant*.

Case No. 2:13-cv-01989-WBS-CKD

**[PROPOSED] FINAL JUDGMENT**

It is hereby ADJUDGED and DECREED THAT:

1.      This Court has jurisdiction over the subject matter of this action and over all parties to the action, including all members of the class it certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of "all individuals who are iYogi subscribers or former subscribers in the United States to whom iYogi or any agent or affiliate of iYogi made or attempted to make outbound calls (including but not limited to subscription renewal calls) to a telephone number assigned to a cellular telephone service from September 23, 2009 until November 18, 2013," but excluding "(1) the Judges presiding over the Actions, and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Persons who properly execute[d] and submit[ted] a timely Request for Exclusion from the Settlement Classes; (4) all Persons whose claims against the Defendant have been fully and finally adjudicated and/or released; and (5) the legal representatives, successors or assigns of any such excluded Persons."

2.      Pursuant to the settlement reached by the parties, this Court hereby dismisses this action on the merits and with prejudice.

3.      This Court hereby directs entry of this judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this judgment, notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the settlement agreement.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2015

_____
HONORABLE WILLIAM B. SHUBB
UNITED STATES DISTRICT COURT

JUDGMENT ENTERED: _____, 2015

By:  CLERK OF THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

# Exhibit C

1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                           **EASTERN DISTRICT OF CALIFORNIA**

8  VICKI ESTRADA, PATRICIA GOODMAN          Case No. 2:13-cv-01989-WBS-CKD
   and KIM WILLIAMS-BRITT individually
9  and on behalf of all others similarly situated,

10                          *Plaintiffs*,          **[PROPOSED] PRELIMINARY**
                                                   **APPROVAL ORDER**
11          *v.*

12 IYOGI, INC., a New York corporation,

13                          *Defendant*.

14

15          This matter came on for hearing on _____, 2015. The Court has considered the Parties'

16 Stipulation of Class Action Settlement entered into by and among Defendant iYogi, Inc. ("iYogi")

   and Plaintiffs Vicki Estrada ("Estrada"), Patricia Goodman ("Goodman") and Kim Williams-Britt
17
   ("Williams-Britt") (collectively, "Plaintiffs"), for themselves individually and as Class
18
   Representatives (collectively the "Parties"), together with all exhibits thereto, the arguments and
19
   authorities presented by the Parties and their counsel, and the record in the Action, and good cause
20
   appearing,
21

22          It is hereby ORDERED, ADJUDGED, and DECREED THAT::

23          1.      Defined Terms.  Terms and phrases in this Order not otherwise defined herein shall

24 have the same meaning as ascribed to them in the Parties' Stipulation of Class Action Settlement

25 (ECF No. ___) (the "Settlement Agreement").

26          2.      Jurisdiction.  This Court has jurisdiction over the subject matter of this Action and

27 over all parties to the Action, including all members of the Settlement Class.

28          3.      Preliminary Findings.  The Court has conducted a preliminary assessment of the

---

fairness, reasonableness, and adequacy of the Settlement Agreement.  Based on this preliminary

evaluation, the Court finds that (a) the Settlement Agreement is reasonable and merits further

proceedings and possible final approval, and (b) the Settlement Agreement has been negotiated in

good faith as the result of arm's length negotiations between experienced attorneys familiar with

the legal and factual issues of this case.  Accordingly, the Court grants preliminary approval of the

Settlement.

        4.    <u>Conditional Certification of Settlement Class</u>.  Having considered the four factors

set forth in Federal Rule of Civil Procedure 23(a), and finding that conditional certification for

settlement purposes is appropriate pursuant Federal Rule of Civil Procedure 23(b)(3), the Court

hereby conditionally certifies for settlement purposes only the Settlement Class, a class consisting

of "all individuals who are iYogi subscribers or former subscribers in the United States to whom

iYogi or any agent or affiliate of iYogi made or attempted to make outbound calls (including but

not limited to subscription renewal calls) to a  telephone number assigned to a cellular telephone

service from September 23, 2009 until November 18, 2013," but excluding "(1) the Judges

presiding over the Action, and members of their families; (2) the Defendant, its subsidiaries,

parent companies, successors, predecessors, and any entity in which the Defendant or its parents

have a controlling interest and their current or former officers, directors, and employees; (3)

Persons who properly execute and submit a timely Request for Exclusion from the Settlement

Classes; (4) all Persons whose claims against the Defendant have been fully and finally

adjudicated and/or released; and (5) the legal representatives, successors or assigns of any such

excluded Persons."  In connection with this conditional certification for settlement purposes only,

the Court makes the following preliminary findings:

        a.    The Settlement Class appears to be so numerous that joinder of all members is impracticable;

        b.    There appear to be questions of fact or law common to the Settlement Class for purposes of determining whether the Settlement should be approved;

        c.    Plaintiffs' claims appear to be typical of the claims being resolved through

1        the settlement;

2        d.        Plaintiffs appear to be capable of fairly and adequately protecting the

3                  interests of all members of the Settlement Class;

4        e.        For the purposes of determining whether the Agreement is fair, reasonable,

5                  and adequate, common questions of law and fact appear to predominate

6                  over questions affecting only individual persons in the Settlement Class.

7                  Accordingly, the Settlement Class appears to be sufficiently cohesive to

8                  warrant settlement by representation; and

9        f.        For purposes of settlement, certification of the Settlement Class appears to

10                 be superior to other available means for the fair and efficient settlement of

11                 the claims of the Settlement Class.

12       5.       <u>Appointment of Class Representatives</u>.  Pursuant to Rule 23 of the Federal Rules of

13   Civil Procedure, the Court hereby finds that, for settlement purposes only, the named Plaintiffs

14   Vicki Estrada, Patricia Goodman, and Kim Williams-Britt are members of the Settlement Class

15   and that, for settlement purposes only, they satisfy the requirement of typicality and adequately

16   represent the interests of Settlement Class Members.  The Court hereby appoints for settlement

17   purposes only Plaintiffs Estrada, Goodman, and Williams-Britt as class representatives of the

18   Settlement Class.

19       6.       <u>Appointment of Class Counsel</u>.  Having considered the factors set forth in Rule

20   23(g)(1) of the Federal Rules of Civil Procedure, and having found Class Counsel adequate to

21   represent the Settlement Class for the purposes of settlement, the Court hereby appoints for

22   settlement purposes only attorneys Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman, and

23   Courtney C. Booth of Edelson PC as Class Counsel.

24       7.       <u>Settlement Administrator</u>.  Pursuant to the agreement of the Parties, the Court

25   hereby appoints Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator.

26       8.       <u>Settlement Class Notice</u>.  Finding that the Settlement Class Notice set forth in

27   Exhibit D to the Settlement Agreement will reasonably inform Settlement Class Members of their

28   rights related to this Action and that the Notice Plan set forth in the Settlement Agreement is both

reasonable and the best notice practicable under the circumstances, the Court hereby approves the Settlement Class Notice, the Notice Plan, and the Claim Form attached as Exhibit A to the Settlement Agreement.  Accordingly, the Parties shall distribute the Settlement Class Notice to the Settlement Class Members in accordance with the Notice Plan.

9.      Approval of Claims Deadline, Opt-Out Period, and Objection Deadline.  The Court hereby approves and sets the Claims Deadline, Opt-Out Period, and Objection Deadline (as those terms are defined in the Settlement Agreement) to occur or expire on the date that is sixty (60) days following the date on which notice is provided to eligible Settlement Class Members in accordance with the preceding Paragraph 8.

10.     Fairness Hearing.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing on _____, 2015 at _____ a.m./p.m. to further consider the Settlement Agreement and to hear from interested parties.  Members of the Settlement Class may comment on, support, or object to the Settlement by filing with this Court and serving on all Parties a brief in support of or opposition to the Settlement.  Any such filings must conform with the requirements listed in Section 8.2 of the Settlement Agreement and must be filed and served no later than sixty (60) days after notice is provided to Settlement Class Members consistent with Paragraph 8 of this Order.  At the Fairness Hearing, the Court will also consider Class Counsel's applications for its Fee Award and for Incentive Awards to Class Representatives.  Briefs in support of such awards, and any supporting documentation, shall be filed no later than fourteen (14) days prior to the Opt Out and Objection Deadlines. Plaintiffs' motion seeking final approval of the proposed settlement, and any supporting documentation, shall be filed no later than seven (7) days prior to the Final Fairness Hearing set forth above.

11.     Termination of Settlement.  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement Agreement is terminated according to Section 9.1 of the Settlement Agreement.

12.     Use of Order.  This Order shall not be used by any Party or otherwise construed as an admission, concession, or presumption by or against any of the Released Parties of any fault,

wrongdoing, or liability or waiver of any claim or defense that he, she, or it may have in the event

that the Settlement is not finally approved or the Settlement Agreement is terminated.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2015

_____
HONORABLE WILLIAM B. SHUBB
UNITED STATES DISTRICT COURT

# Exhibit D

*Estrada, et al. v. iYogi, Inc.*, No. 2:13-cv-01989-WBS-CKD (E.D. Cal.)

# If you are a current or former iYogi subscriber and received a call made by or on behalf of iYogi between September 23, 2009 and November 18, 2013, you may be part of a class action settlement.

*A United States District Court authorized this notice.  You are not being sued.*
*This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against iYogi, Inc. ("iYogi" or "Defendant").  The class action lawsuit involves whether iYogi (or its affiliates or business partners) placed certain calls to individuals regarding its services without first obtaining consent.

- You are included in the settlement if you live in the United States, are a current or former individual iYogi subscriber, and received one or more call(s) to a cellular telephone made by or on behalf of iYogi regarding iYogi's services (including, but not limited to, subscription renewal calls) between September 23, 2009 and November 18, 2013.[*]

- If the Court approves the Settlement and you are a member of the settlement class, you may be eligible to receive a one-time payment of $40. Defendant has also agreed to revise its applicable terms and conditions for technical support services regarding customers' providing consent for iYogi or any affiliate or agent to place "telephone calls" to new subscribers and also provide additional language regarding new subscribers' option to revoke such consent.

- Please read this notice carefully.  Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | If you are a member of the settlement class and wish to receive a one-time payment of $40, you may submit a claim form.  You will waive any right to pursue future claims against iYogi related to calls you received from or on behalf of iYogi. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no payment, but you will retain any rights you currently have to pursue claims against iYogi about the allegations in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you do or don't like the settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the settlement. |

| DO NOTHING | You will not receive payment from iYogi but you will be entitled to any injunctive relief the class is awarded.  You will waive any right to pursue future claims against iYogi related to calls you received from or on behalf of iYogi. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be provided only after any issues with the settlement are resolved.  Please be patient.

## BASIC INFORMATION

### 1. Why was this notice issued?

A Court authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Estrada, et. al. v. iYogi, Inc.,* Case No. 2:13-cv-01989-WBS-CKD (E.D. Cal.) (the "Action"). You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement.  This notice explains the lawsuit, the Settlement, and your legal rights.

Judge William B. Shubb of the U.S. District Court for the Eastern District of California is overseeing this class action. The people who sued are called the Plaintiffs. The company they sued, iYogi, is called the Defendant.

### 2. What is a class action lawsuit?

In a class action, one or more people called "Class Representatives"—in this case, Plaintiffs Vicki Estrada, Patricia Goodman, and Kim Williams-Britt— sue on behalf of a group of people who have similar claims. In this case, these people are together called a "Settlement Class" or "Settlement Class Members."  In a class action, the court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the settlement class.  After the parties in this case reached an agreement to settle this case, the Court granted preliminary approval of the settlement and preliminarily recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

Plaintiffs filed a class action complaint against Defendant iYogi, Inc. on behalf of themselves and the Settlement Class. Plaintiffs allege that iYogi, or a third party acting on iYogi's behalf, placed telemarketing calls (including but not limited to subscription renewal calls) to current and former iYogi subscribers. The lawsuit alleges that those calls were made without the necessary consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. A more complete description of what Plaintiffs allege is in the First Amended Class Action Complaint, which is available on the Settlement Website at [URL].

iYogi denies the allegations in the First Amended Complaint and denies Plaintiffs' claims of wrongdoing or liability against it. iYogi is settling solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation. iYogi's answer to the allegations in the First Amended Class Action Complaint is available on the Settlement Website at [URL].

## 4. Why is there a Settlement?

The Court has not decided in favor of either side in the case. Instead, the Parties have agreed to settle the claims against iYogi—that is, reach a compromise—by entering into a written settlement agreement. iYogi denies all allegations of wrongdoing or liability against it and is settling solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation. Plaintiffs and their attorneys believe that the settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for members of the Settlement Class now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

The settlement agreement has already been preliminarily approved by the Court. Nevertheless, because the settlement of a class action determines the rights of all members of the proposed settlement classes, the Court has ordered this notice to be sent to the Settlement Class and is required to hold a Fairness Hearing to determine whether to grant final approval of the settlement before the settlement can take effect. If the settlement is not granted final approval by the Court, or the Parties terminate it for some reason, the settlement will be void, and the lawsuit will continue as if there had been no settlement and no certification of the Settlement Classes. The settlement agreement is available on the Settlement Website at [URL].

## WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am in the Settlement Class?

The Court decided that this settlement includes a Class of: all individuals who are iYogi subscribers or former subscribers in the United States to whom iYogi or any agent or affiliate of iYogi made or attempted to make outbound calls (including but not limited to subscription renewal calls) to a telephone number assigned to a cellular telephone service from September 23, 2009 until November 18, 2013.

Everyone who fits this description is a member of the Settlement Class. If you received an email about this class action, your telephone number may be one of the numbers that was called.

## 6. What if I am still not sure Whether I am Included?

If you are still not sure whether you are included in the Settlement Class, you can visit www.website.com for more information. You can also get free help by calling the lawyers in this case at 1-866-354-3015.

## THE SETTLEMENT BENEFITS

## 7. What does the Settlement provide?

As part of the settlement, Settlement Class Members who submit valid claim forms before [Claims Deadline] will each receive a check in the amount of $40.

Defendant has also agreed to take steps to prevent the placement of telemarketing calls without first obtaining the appropriate consent of the recipients. In particular, iYogi will revise its applicable terms and conditions for technical support services regarding customers' providing consent for iYogi or any affiliate or agent to place telephone calls to new subscribers and also provide additional language regarding new subscribers' option to revoke such consent for a period of two (2) years.

In addition to payments for valid claims submitted by Settlement Class Members, iYogi has agreed to pay Class Counsel's attorneys' fees and costs to the extent set forth in the Settlement Agreement (potentially up to $300,000), an incentive award to the Class Representatives, and the administrative costs of the Settlement.

## HOW TO GET BENEFITS

**8. How do I make a claim?**

If you are an individual who is a current or former iYogi subscriber and received one or more cellular telephone calls from iYogi or on iYogi's behalf between September 23, 2009 and November 18, 2013, then you are a member of the Settlement Class and may be eligible for a one-time payment of $40 for your claims against iYogi. To receive such payment, you must complete and submit a valid Claim Form by **[Claims Deadline]**. Claim Forms can be found and submitted online at www.website.com. You may also obtain a paper copy of the Claim Form online at www.website.com or request one by calling toll-free [toll-free number].

*All Claim Forms must be received and properly completed by [claims deadline].*

## THE LAWYERS REPRESENTING YOU

**9. Do I have a lawyer in this case?**

Yes. For purposes of the settlement, the Court has appointed lawyers Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman, and Courtney C. Booth of Edelson PC as the attorneys to represent you and other Settlement Class Members. These attorneys are called "Class Counsel." You will not be charged for these lawyers.

In addition, the Court has appointed Plaintiffs Vicki Estrada, Patricia Goodman, and Kim Williams-Britt to serve as the Class Representatives. They are Settlement Class Members like you.

Class Counsel can be reached by calling 1-866-354-3015.

**10. Should I get my own lawyer?**

You don't need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you will have to pay that lawyer. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

## 11. How will the lawyers be paid?

From the initiation of Plaintiffs' claims in 2013, Class Counsel have not received any payment for their services in prosecuting the claims or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will ask the Court for attorneys' fees and expenses of up to $300,000 and will also request a collective incentive award in the amount of $3,000 for the Class Representatives. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representatives. The Court may award less than the amounts requested. iYogi will pay the amounts awarded by the Court in addition to the amounts paid to Settlement Class Members and for certain notice and administration costs. The members of the Settlement Class will not have to pay anything toward the fees or expenses of Class Counsel or the award to the Class Representatives.

## YOUR RIGHTS AND OPTIONS

## 12. What happens if I do nothing?

If you do nothing, you won't get $40. But unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement. You will still be entitled to any non-monetary relief the class is awarded. (*See* Question No. 7.)

## 13. What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you can't claim any money or receive any benefits as a result of the Settlement. You will keep your right to start your own lawsuit against iYogi for the same legal claims made in or released by this lawsuit.  A copy of the Settlement Agreement is available on the Settlement website at [URL].

## 14. How do I ask to be excluded?

You may exclude yourself from the Settlement Class by opting out of the settlement. To do so, you must send a letter clearly stating that you want to be excluded from the Settlement in *Estrada, et al. v. iYogi, Inc.*, Case No. 13-cv-1989 (E.D. Cal.) Your letter must also include your name, address, current telephone number, the telephone number called by iYogi or on its behalf, and your signature. You must mail your exclusion request no later than **[Objection Deadline]** to:

Settlement Administrator
PO Box 0000
City, ST 00000-0000

You can't exclude yourself via phone, fax or email.

## 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

## 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you are not entitled to any benefits under the settlement, but you will also not be bound by the settlement. If you exclude yourself, do not submit a Claim Form. (See Question 13.)

## 17. How do I object to the Settlement?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you can comment on or object to the settlement if you like or don't like any part of it. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Estrada, et al. v. iYogi, Inc.*, Case No. 13-cv-1989 (E.D. Cal.). Your letter or brief must also include: (i) your full name and current address, (ii) the email address you believe was used in connection with purchasing an iYogi subscription; (iii) a signed declaration that you believe yourself to be a member of the Settlement Class, (iv) the specific grounds for your objection, (v) all documents or writings that you desire the Court to consider, and (vi) a statement regarding whether you (or counsel of your choosing) intend to appear at the Fairness hearing.

Your objection and any supporting papers must be filed with the Court and mailed or delivered to Class Counsel and iYogi's counsel at the following addresses, postmarked no later than **[Objection Deadline]**.

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| *Estrada, et al., v. iYogi, Inc.* <br> No. 13-cv-1989 <br> Clerk of the Court <br> Robert T. Matsui U.S. Courthouse <br> 501 I Street <br> Sacramento, California 95814 | Rafey S. Balabanian <br> Benjamin H. Richman <br> EDELSON PC <br> 350 North LaSalle Street <br> Suite 1300 <br> Chicago, Illinois 60654 | Jayant W. Tambe <br> jtambe@jonesday.com <br> JONES DAY <br> 222 E. 41st Street <br> New York, New York 10017 |

Class Counsel will file with the Court and post on the Settlement Website its request for attorneys' fees two weeks prior to **[Objection Deadline]**.

## 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class (i.e., you don't exclude yourself from the settlement). Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the settlement. If you exclude yourself, you have no basis to object because the settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

## 19. When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the Fairness Hearing on **[date]**, 2015 at **[time]** a.m. before the Honorable William B. Shubb in Courtroom 5 on the 14th Floor of the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814. The purpose of this hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best

interests of the Class; to consider Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representatives. At that hearing, the Court will listen to any objections and arguments concerning the fairness of the Settlement.

**Note:** The hearing may be postponed to a different date or time without notice. Any changes will be posted on the Settlement Website, www.website.com, or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.caed.uscourts.gov. If you timely objected to the settlement and told the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of the Fairness Hearing.

| **20. Do I have to come to the hearing?** |
| --- |

No.  Class Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the settlement, the Court will consider it.  (*See* Question No. 17.) You may also pay another lawyer to attend, but you don't have to.

| **21. May I speak at the hearing?** |
| --- |

Yes. If you do not exclude yourself from the settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include a statement in your letter or brief objecting to the settlement saying whether you (or counsel of your choosing) intend to appear at the Fairness Hearing. Your objection and notice of intent to appear must be filed with the Court and mailed to Class Counsel and Defendant's Counsel no later than **[Objection Deadline]**.

## GETTING MORE INFORMATION

| **22. Where can I get additional information?** |
| --- |

This notice summarizes the proposed settlement. You can visit www.website.com for Court Documents and updated information about the lawsuit and the settlement as it becomes available. You may also call the Settlement Administrator at [toll-free number] or contact Class Counsel at 1-866-354-3015 if you have any questions. Before doing so, however, please read this notice carefully.

The Settlement Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of California, Sacramento Division, located in Room 4-200 of the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814.

#### PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.

---

[*] Certain individuals are excluded from the settlement, including the Judges presiding over the case and members of their families as well as current or former officers, directors, and employees of the Defendant and any of its subsidiary and parent companies.  See the Settlement Agreement on the Settlement Website (www.website.com) for more information.