Rafey Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Samuel Lasser (SBN – 252754)
slasser@edelson.com
EDELSON PC
329 Bryant Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, IL 60654
Tel: 312.589.6370
Fax: 312.589.6378

[Additional counsel appear on signature page.]

*Attorneys for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI ESTRADA, PATRICIA GOODMAN and KIM WILLIAMS-BRITT individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>IYOGI, INC., a New York corporation,<br><br>    *Defendant*. | Case No. 2:13-cv-01989-WBS-CKD<br><br>**DECLARATION OF RAFEY S. BALABANIAN**<br><br>Judge: Hon. William B. Shubb<br>Date:  January 25, 2016<br>Time:  2:00 p.m. |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.     I am an attorney admitted *pro hac vice* in the United States District Court for the Eastern District of California. I am entering this declaration in support of Plaintiff's Motion for Reasonable Attorneys' Fees, Expenses, and Incentive Award. This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2.     I am Managing Partner of the San Francisco office and General Counsel of the law firm of Edelson PC (the "Firm"), which has been retained to represent the named Plaintiffs in this matter, Vicki Estrada, Patricia Goodman, and Kim Williams-Britt, and act as Class Counsel on behalf of the Settlement Class.

***The Litigation and Settlement History***

3.     My Firm, along with our co-counsel (The Law Offices of Stefan L. Coleman), agreed to represent Plaintiffs Estrada, Goodman, and Williams-Britt and initiated this action against Defendant iYogi, Inc. ("iYogi"), prosecuting the class's claims in the face of substantial opposition by experienced defense counsel and investing more than 650 hours of time and thousands of dollars in hard costs.

4.     On April 4, 2014, the Parties exchanged their initial disclosures and thereafter commenced formal discovery, serving their respective first sets of written discovery requests.

5.     As the Parties reviewed and prepared responses to the outstanding discovery, they also began discussing the potential for resolving the case without the need for additional protracted litigation. After numerous telephone conferences and correspondence, the discussions progressed to the point that the Parties determined to proceed with an initial private mediation before the Honorable Morton Denlow (ret.) of JAMS (Chicago).

6.     At that time, the Parties also agreed that it would be most efficient to discontinue their formal discovery obligations to focus their efforts and resources on resolution. Nevertheless, they commenced informal discovery aimed at further exploring their respective views of the claims and defenses at issue and possible settlement frameworks—including exchanging information related to the volume of calls at issue, the number of individuals to whom the calls

were placed, the calls Plaintiffs received, and information relating to iYogi's financial condition and applicable insurance coverage.

7.      On August 18, 2014, the Parties participated in their first mediation session with Judge Denlow. Although the Parties were unable to reach an agreement that day, they agreed to exchange certain additional information and believed that they had made progress towards an ultimate resolution.

8.      Nevertheless, after several months of additional arm's-length settlement negotiations with the assistance of Judge Denlow—through numerous telephone conferences and correspondence—it became apparent that the Parties had reached an impasse and a settlement could not be reached at that time. Accordingly, the Parties determined to proceed with the litigation, including meeting and conferring on a revised schedule of discovery and general case deadlines and proposing the same to the Court. (Dkts. 58, 62.)

9.      In March 2015, as the Parties geared up for more formal discovery and litigation, they decided to make one last attempt at resolution. That led to weeks of additional negotiations and ultimately, an agreement in principle as to a proposed settlement. Notwithstanding, it took several months of additional (and often contentious) negotiations for the Parties to reach the final terms and reduce them to writing in the form of the proposed Stipulation of Class Action Settlement now before the Court. (*See* dkts. 62-69.)

***The Settlement Benefits***

10.      I believe the Settlement provides meaningful monetary and prospective relief and is the best possible relief for the Settlement Class under the circumstances of this case.

11.      First, the Settlement provides real and immediate monetary relief to the Settlement Class. By submitting a short and simple claim form, each Settlement Class Member that received an allegedly unlawful phone call will receive a $40 payment, which will not be diluted based on either the number of claims filed or the amount of attorneys' fees awarded. (*See* Dkt. 74-1§ 5.2.) I believe that this $40 settlement payment per claiming Class Member is an excellent result when compared to the payments provided in several similar TCPA settlements that have received final approval from federal district courts throughout the country.

12.     In addition to the monetary relief, Defendant has agreed to implement changes to its applicable Terms and Conditions for technical support services regarding customers' provision of consent for iYogi or any affiliate or agent to place telephone calls to new subscribers. (*See* Dkt. 74-1 § 5.1.) Defendant will also provide additional language regarding new subscribers' option to revoke such consent. (*Id.*) These changes not only help achieve the injunctive goals of Plaintiffs' TCPA claims and go beyond what is mandated by the statute, but they also promote important public policy concerns related to privacy and nuisance stemming from the same type of cost-shifting promotions that prompted Congress to enact the TCPA in the first place.

### The Nature of Class Counsel's Representation of Plaintiffs and the Settlement Class

13.     In this case, Class Counsel (and our co-counsel) agreed to undertake Plaintiff's case on a contingent fee basis, as the amount of individual recovery at issue would never justify retention on an hourly basis. We knew from the outset that we would be required to spend potentially thousands of hours investigating and litigating Plaintiffs' claims with absolutely no guarantee of success, while simultaneously foregoing other opportunities.

14.     My Firm (and our co-counsel) recognized from the very beginning of this litigation that achieving a beneficial recovery for the Settlement Class would be an uphill battle. Indeed, if litigation had continued, iYogi would have almost certainly reasserted the affirmative defenses outlined in its Answer to Plaintiffs' First Amended Complaint, including the contention that it stands in an established business relationship with Plaintiffs and that it is therefore exempt from liability under the TCPA. (*See* dkt. 39.) It would also likely have raised the "direct relationship" defense—i.e., that each class member consented to receive calls placed by or on behalf of iYogi when they voluntarily provided it their cellular phone numbers at some point in the past—which courts in the Ninth Circuit have upheld. *See Roberts v. Paypal, Inc.*, No. 12-cv-0622, 2013 WL 2384242, at *5 (N.D. Cal. May 30, 2013) (holding that the prior provision of a cell phone number to the caller for any reason constitutes prior express consent to be called); *Ryabyshchuck v. Citibank (S.D.)*, No. 11-cv-1236, 2012 WL 5379143, at *3 (S.D. Cal. Oct. 30, 2012); *Baird v. Sabre, Inc.*, No. 13-cv-999, 2014 WL 320205, at *2 (C.D. Cal. Jan. 8, 2014).

15.     Even if Plaintiffs cleared those initial and potentially dispositive hurdles, iYogi would undoubtedly challenge any motion for class certification. (*See* dkt. 39.) Likewise, if the case proceeded to trial, other roadblocks—such as the need for expert testimony to establish whether iYogi's equipment meets the TCPA's definition of an ATDS—would stand between the Class and any ultimate recovery. And given the amounts at stake, regardless of the outcome at the class certification stage or trial, the losing party would be almost guaranteed to appeal, thus further delaying and potentially foreclosing any relief to the class.

16.     Class Counsel initiated this action aware of the defenses iYogi was likely to assert and these risks. Nevertheless, and given our proven track record of effectively and successfully prosecuting complex nationwide class actions such as this (*see* Firm Resume of Edelson PC, attached as Exhibit 1-A hereto), we prosecuted the class's claims in the face of substantial opposition by experienced defense counsel.

17.     To date, we (along with our co-counsel) have logged more than 650 hours and spent thousands of dollars in hard costs representing Plaintiffs and the Settlement Class without compensation.

18.     Our and (our co-counsel's) total lodestar of $206,730.00 (which was calculated using the prevailing rates for similar services in the Sacramento legal market) represents the work that we have undertaken since the inception of this case and does not include the additional work that will be necessary through final approval (i.e., preparing briefing in support of final approval, contending with any objections, otherwise communicating with the Settlement Class Members about the Settlement, and continuing to supervise the administration of the Settlement).

19.     Our billable rates and a general outline of the hours of each attorney and the law clerks that worked on this matter are incorporated in the chart below. Here, as with every case, Class Counsel kept diligent and detailed time records that accurately and reasonably reflect the amount of hours required to litigate and resolve this case.

20.     In my opinion, the expenditure of time by the attorneys and law clerks that worked on this case was reasonable and necessary, and the hours spent easily equates to the number of hours that Class Counsel could have billed to a private client.

21.   The rates for the attorneys and law clerks used to calculate the total lodestar figure correlate to their respective experience and comport with the prevailing rates in the Sacramento legal market. *See Ontiveros v. Zamora,* 303 F.R.D. 356, 374 (E.D. Cal. 2014) (approving $400/hour for partners and $175/hour for associates); *Trulsson v. County of San Joaquin*, No. 11-cv-2986-KJM, 2014 WL 5472787, at *5 (E.D. Cal. Oct. 28, 2014) (approving $450/hour); *but see Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 452 (E.D. Cal. 2013) (approving $720/hour for partner and $280/hour for associate and stating "prevailing rates in the… Eastern District of California are in the $400 range, with rates up to $650 to $675 for partners and senior associates with significant years of experience."); *Lambert v. Buth-Na-Bodhaige, Inc.*, No. 14-cv-514-MCE, dkts. 30, 35, 36 (E.D. Cal. 2015) (Chief Judge England approving $800/hour rate for a partner and a $450/hour rate for an associate in TCPA action).

22.   These rates are also far below the hourly rates that Edelson PC attorneys charge to their hourly clients, which have been approved in similar settlements in state and federal courts across the country. *See, e.g.*, *Kulesa v. PC Cleaner, Inc.*, No. 12-cv-725-JVS, dkt. 101 (C.D. Cal. Aug. 26, 2014) (finding Edelson PC's then current hourly rates reasonable and granting their full lodestar request); *Robles v. Lucky Brand Dungarees, Inc.*, No. 10-cv-04846-MMC, dkt. 105 (N.D. Cal. May 10, 2013) ("The Court finds the rates charged [by Edelson PC] to be appropriate and reasonable in light of the experience of each attorney and that the hourly rates are in line with comparable market rates."); *Goodman v. Hangtime, Inc.*, No. 14-cv-1022-JRB, dkt. 124 (N.D. Ill. Sept. 29, 2015); *Theis v. AVG Techs. USA, Inc.*, No. 12-cv-10920-RGS, dkt. 116 (D. Mass. May 5, 2014) (finding Edelson PC's current hourly rates reasonable in lodestar fee analysis).

23.   As reflected in the chart below, Class Counsel's adjusted lodestar[1] to date is $206,730.00:

---

[1]   Class Counsel have expended many more hours on this matter than the 664.3 included in the chart below. However, Class Counsel have not included time for certain attorneys and tasks deemed to be duplicative, excessive, or otherwise unnecessary to include here. Class Counsel will provide their detailed time records to the Court *in camera* prior to the Final Fairness Hearing.

DECLARATION OF
RAFEY S. BALABANIAN                    5                    CASE NO. 2:13-CV-01989-WBS

| **ATTORNEY**<br>(Position) | **YEARS OF EXPERIENCE** | **HOURS** | **USUAL HOURLY RATE** | **LOCAL HOURLY RATE** | **TOTAL AT LOCAL HOURLY RATE** |
|---|---|---|---|---|---|
| Jay Edelson<br>(Managing Partner) | 19 | 12.8 | $685 | $400 | $5,120.00 |
| Rafey S. Balabanian<br>(Managing Partner - San Francisco) | 10 | 108.5 | $570 | $400 | $43,400.00 |
| Benjamin H. Richman<br>(Partner) | 6 | 135.4 | $450 | $400 | $54,160.00 |
| Courtney C. Booth<br>(Associate) | 2 | 212 | $295 | $200 | $42,400.00 |
| Law Clerks | n/a | 55.3 | $215 | $100 | $5,530.00 |
| | | | | | |
| Stefan L. Coleman<br>(Partner - The Law Offices of Stefan L. Coleman) | 9 | 140.3 | $450 | $400 | $56,120.00 |
| **TOTAL** | | **664.3** | | | **$206,730.00** |

24.     Based on my experience with several similar settlements, I anticipate that at least fifty additional hours will be required to be performed through final approval and administration of the Settlement, should the Court approve it. Class Counsel must still draft a final approval motion, prepare and attend the Fairness Hearing, contend with any potential objectors, and handle various issues related to claims administration. Accordingly, Class Counsel have not attached their detailed billing records to the instant briefing, but instead, will provide complete records detailing all of their time and work through final approval of the Settlement to the Court *in camera* prior to the Fairness Hearing.

25.     In addition, Class Counsel have incurred $11,530.22 in reimbursable expenses, which include the costs of travel, meals, lodging, postage/FedEx, courier service, mediation fees, *pro hac vice* fees, filing fees, and the additional expenses required to see this matter through final approval.

26.     Furthermore, we continue to expend resources and time in an effort to ensure that Settlement Class Members secure the relief available under the Settlement. Stated differently, Class Counsel continues to work diligently to ensure the best relief possible for the Settlement Class.

27.     Given the circumstances of the case, the results achieved for the Settlement Class, and the work we have performed, I believe a slight upward adjustment of Class Counsel's lodestar is reasonable when analyzing the Settlement in light of the *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) factors. More specifically, we believe that modest enhancement of 1.45 to our (and our co-counsel's) total lodestar is warranted here.

28.     Finally, in addition to the Plaintiffs' fee request being reasonable when calculating according to the lodestar method, it is also reasonable under the constructive common fund cross-check. Here, the constructive common fund totals $7,990,563.15. Calculating this amount starts with the maximum amount Defendant could pay to the Settlement Class Members if they each submitted a claim. If all 188,887 Class Members validly claim the $40 to which they are entitled, the total claims would amount to $7,555,480. To this is added the estimated cost of class notice and administration ($132,083.15), the requested fee award ($300,000), and the requested incentive award ($3,000) for a grand total of $7,990,563.15. The requested attorneys' fee award of $300,000 represents just 3.754% of that amount, which is well below the Ninth Circuit's 25% benchmark for fee awards in such cases.

***Plaintiffs' Contributions as Class Representatives***

29.     Finally, I believe that Plaintiffs Vicki Estrada, Patricia Goodman, and Kim Williams-Britt have represented and continue to zealously represent the interests of the Settlement Class as the Class Representatives in this case.

30.     I also believe that the $3,000 collective incentive award sought (i.e., $1,000 for each named Plaintiff) is reasonable.

31.     First, the requested incentive award is significantly lower than incentive awards typically granted in this Circuit.

32.     Second, the requested incentive award is reasonable considering Plaintiffs' involvement was essential to obtaining the Settlement for the benefit of the class. Plaintiffs devoted their own time and effort in pursuing their claims. From the moment the case began, they exhibited a willingness to participate and assume the responsibilities of a class representative,

1  namely to ensure the protection of and benefit to the class as a whole, rather than simply

2  furthering their own interests.

3       33.     By way of example, Plaintiffs assisted by helping in the investigation of their

4  claims, providing information for discovery, and reviewing multiple complaints, discovery

5  responses and other documents. Further still, Plaintiffs were in regular contact with Class Counsel,

6  participating in numerous telephone conferences.

7       34.     Given their extensive participation in this action, I believe that the modest amount

8  they seek as recognition for their efforts on behalf of the Settlement Class is justified, not to

9  mention that it falls well within the range of incentive awards approved by courts in the Ninth

10  Circuit.

11  ***Attachments***

12       35.     Attached hereto as Exhibit 1-A is a true and accurate copy of the Firm Resume of

13  Edelson PC.

14                  *                     *                    *

15       I declare under penalty of perjury that the foregoing is true and correct.

16  Executed this 18th day of December 2015.

17

18                                              /s/ Rafey S. Balabanian

19

20

21

22

23

24

25

26

27

28

# Exhibit 1-A

### EDELSON PC FIRM RESUME

EDELSON PC is a plaintiffs' class action and commercial litigation firm with attorneys in Illinois and California.

Our attorneys have been recognized as leaders in these fields by state and federal courts, legislatures, national and international media groups, and our peers. Our reputation has led state and federal courts across the country to appoint us lead counsel in many high-profile cases, including in cutting-edge privacy class actions against comScore, Netflix, Time, Microsoft, and Facebook; Telephone Consumer Protection Act class actions against technology, media, and retail companies such as Google, Twentieth Century Fox, Simon & Schuster, and Steve Madden; data security class actions against LinkedIn, Advocate Hospitals, and AvMed; banking cases against Citibank, Wells Fargo, and JP Morgan Chase related to reductions in home equity lines of credit; fraudulent marketing cases against software companies such as Symantec and Ascentive; mobile content class actions against all major cellular telephone carriers; and product liability cases, including the Thomas the Tank Engine lead paint class actions and the tainted pet food litigation.

We have testified before the United States Senate on class action issues and have repeatedly been asked to work on federal and state legislation involving cellular telephony, privacy, and other consumer issues. Our attorneys have appeared on dozens of national and international television and radio programs to discuss our cases and class action and consumer protection issues more generally. Our attorneys speak regularly at seminars on consumer protection and class action issues, lecture on class actions at law schools, and serve as testifying experts in cases involving class action and consumer issues.

### PLAINTIFFS' CLASS AND MASS ACTION PRACTICE GROUP

EDELSON PC is a leader in plaintiffs' class and mass action litigation, with a focus on consumer technology. Our firm is "known for securing multi-million dollar settlements against tech giants" (Chicago Daily Law Bulletin, September 2013), and has been specifically recognized as "pioneers in the electronic privacy class action field, having litigated some of the largest consumer class actions in the country on this issue." *See In re Facebook Privacy Litig.*, No. C 10-02389 (N.D. Cal. Dec. 10, 2010) (order appointing us interim co-lead of privacy class action); *see also In re Netflix Privacy Litig.*, No. 11-cv-00379 (N.D. Cal. Aug. 12, 2011) (appointing us sole lead counsel due, in part, to our "significant and particularly specialized expertise in electronic privacy litigation and class actions. . . ."). Law360 has called us a "Titan of the Plaintiffs Bar," a "Plaintiffs Class Action powerhouse" and a "Privacy Litigation Heavyweight." We have also been recognized by courts for our uniquely zealous and efficient approach to litigation, which lead the then-Chief Judge of the United States Court for the Northern District of Illinois to praise our work as "consistent with the highest standards of the profession" and "a model of what the profession should be. . . ." *In re Kentucky Fried Chicken Coupon Marketing & Sales Practices Litig.*, No. 09-cv-7670, MDL 2103 (N.D. Ill. Nov. 30, 2011). Likewise, in appointing our firm interim co-lead in one of the most high profile banking cases in the country, a federal court pointed to our ability to be "vigorous advocates, constructive problem-solvers, and civil with their adversaries." *In Re JPMorgan Chase Home Equity Line of Credit Litig.*, No. 10 C 3647 (N.D. Ill. July 16, 2010). After hard fought litigation, that case

settled, resulting in the reinstatement of between $3.2 billion and $4.7 billion in home credit lines. In addition, the firm is uniquely able to try cases, especially those involving sophisticated technology issues. Lead by a deputy chief of the cybercrime unit for the United States Attorney's Office, our trial team has handled both jury and bench trials on issues ranging from general consumer matters to complex cyber crimes (including hacking and cyber intrusions, data breaches, and large-scale identity theft cases) that rested on sophisticated computer forensics.

We have several sub-specialties within our plaintiffs' class action practice:

### PRIVACY/DATA LOSS

#### Data Loss/Unauthorized Disclosure of Data

We have litigated numerous class actions involving issues of first impression against Facebook, Apple, Netflix, Sony, Redbox, Pandora, Sears, Storm 8, Google, T-Mobile, Microsoft, and others involving failures to protect customers' private information, security breaches, and unauthorized sharing of personal information with third parties. Representative settlements and ongoing cases include:

- *Dunstan v. comScore, Inc.*, No. 11-cv-5807 (N.D. Ill.): Lead counsel in certified class action accusing Internet analytics company of improper data collection practices. The court has finally approved a $14 million settlement.

- *Resnick v. Avmed*, No. 10-cv-24513 (S.D. Fla.): Lead counsel in data breach case filed against health insurance company. Obtained landmark appellate decision endorsing common law unjust enrichment theory, irrespective of whether identity theft occurred. Case also resulted in the first class action settlement in the country to provide data breach victims with monetary payments irrespective of identity theft.

- *In re Netflix Privacy Litigation*, No. 11-cv-00379 (N.D. Cal.): Sole lead counsel in suit alleging that defendant violated the Video Privacy Protection Act by illegally retaining customer viewing information. Case resulted in a $9 million dollar *cy pres* settlement that has been finally approved.

- *Halaburda v. Bauer Publishing Co.*, No. 12-cv-12831 (E.D. Mich.); *Grenke v. Hearst Communications, Inc.*, No. 12-cv-14221 (E.D. Mich.); *Fox v. Time, Inc.*, No. 12-cv-14390 (E.D. Mich.): Consolidated actions brought under Michigan's Preservation of Personal Information Act, alleging unlawful disclosure of subscribers' personal information. In a ground-breaking decision, the court denied three motions to dismiss finding that the magazine publishers were covered by the act and that the illegal sale of personal information triggers an automatic $5,000 award to each aggrieved consumer. In January and July of 2015, final approval was

granted to a settlement reached in the *Bauer Publishing* matter and an adversarial class was certified in the *Time* case, respectively.

- *Standiford v. Palm*, No. 09-cv-05719-LHK (N.D. Cal.): Sole lead counsel in data loss class action, resulting in $640,000 settlement.

- *In re Zynga Privacy Litig.*, No. 10-cv-04680 (N.D. Cal.): Appointed co-lead counsel in suit against gaming application designer for the alleged unlawful disclosure of its users' personally identifiable information to advertisers and other third parties.

- *In re Facebook Privacy Litigation*, No. 10-cv-02389 (N.D. Cal.): Appointed co-lead counsel in suit alleging that Facebook unlawfully shared its users' sensitive personally identifiable information with Facebook's advertising partners.

- *In re Sidekick Litigation*, No. C 09-04854-JW (N.D. Cal.): Co-lead counsel in cloud computing data loss case against T-Mobile and Microsoft. Settlement provided the class with potential settlement benefits valued at over $12 million.

- *Desantis v. Sears*, No. 08 CH 00448 (Cir. Ct. Cook Cnty., Ill.): Lead counsel in injunctive settlement alleging national retailer allowed purchase information to be publicly available through the Internet.

### *Telephone Consumer Protection Act*

Edelson has been at the forefront of TCPA litigation for over six years, having secured the groundbreaking *Satterfield* ruling in the Ninth Circuit applying the TCPA to text messages. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009). In addition to numerous settlements totaling over $100 million in relief to consumers, we have over two dozen putative TCPA class actions pending against companies including Santander Consumer USA, Inc., Walgreen Co., Path, Inc., Nuance Communications, Inc., Stonebridge Life Insurance, Inc., GEICO, DirectBuy, Inc., and RCI, Inc. Representative settlements and ongoing cases include:

- *Kolinek v. Walgreen Co.*, No. 13-cv-4806 (N.D. Ill.): Lead counsel in class action alleging that defendant violated federal law by making unsolicited prescription reminder calls. Won reconsideration of dismissal based upon whether provision of telephone number constituted consent to call. Case settled for $11 million.

- *Hopwood v. Nuance Communications, Inc., et al.*, No. 13-cv-2132 (N.D. Cal.): Lead counsel in class action alleging that defendants violated federal law by making unsolicited marketing calls to consumers

nationwide. $9.245 million settlement provided class members option to claim unprecedented relief based upon total number of calls they received.

- *Rojas v CEC*, No. 10-cv-05260 (N.D. Ill.): Lead counsel in text spam class action that settled for $19,999,400.

- *In re Jiffy Lube Int'l Text Spam Litigation*, No. 11-md-2261, 2012 WL 762888 (S.D. Cal.): Co-lead counsel in $35 million text spam settlement.

- *Ellison v Steve Madden, Ltd.*, No. cv 11-5935 PSG (C.D. Cal.): Lead counsel in $10 million text spam settlement.

- *Kramer v. B2Mobile*, No. 0-cv-02722-CW (N.D. Cal.): Lead counsel in $12.2 million text spam settlement.

- *Pimental v. Google, Inc.*, No. 11-cv-02585 (N.D. Cal.): Lead counsel in class action alleging that defendant co-opted group text messaging lists to send unsolicited text messages. $6 million settlement provides class members with an unprecedented $500 recovery.

- *Robles v. Lucky Brand Dungarees, Inc.*, No. 10-cv-04846 (N.D. Cal.): Lead counsel in $10 million text spam settlement.

- *Miller v. Red Bull*, No. 12-CV-04961 (N.D. Ill.): Lead counsel in $6 million text spam settlement.

- *Woodman v. ADP Dealer Services*, No. 2013 CH 10169 (Cir. Ct. Cook Cnty., Ill.): Lead counsel in $7.5 million text spam settlement.

- *Lockett v. Mogreet, Inc.*, No 2013 CH 21352 (Cir. Ct. Cook Cnty., Ill.): Lead counsel in $16 million text spam settlement.

- *Lozano v. 20th Century Fox*, No. 09-cv-05344 (N.D. Ill.): Lead counsel in class action alleging that defendants violated federal law by sending unsolicited text messages to cellular telephones of consumers. Case settled for $16 million.

- *Satterfield v. Simon & Schuster*, No. C 06 2893 CW (N.D. Cal.): Co-lead counsel in in $10 million text spam settlement.

- *Weinstein v. Airit2me, Inc.*, No. 06 C 0484 (N.D. Ill): Co-lead counsel in $7 million text spam settlement.

## CONSUMER TECHNOLOGY

### *Fraudulent Software*

In addition to the settlements listed below, EDELSON PC has consumer fraud cases pending in courts nationwide against companies such as McAfee, Inc., Avanquest North America Inc., PC Cleaner, AVG, iolo Technologies, LLC, among others. Representative settlements include:

- *Drymon v. Cyberdefender*, No. 11 CH 16779 (Cir. Ct. Cook Cnty., Ill.): Lead counsel in class action alleging that defendant deceptively designed and marketed its computer repair software. Case settled for $9.75 million.

- *Gross v. Symantec Corp.*, No. 12-cv-00154-CRB (N.D. Cal.): Lead counsel in class action alleging that defendant deceptively designed and marketed its computer repair software. Case settled for $11 million.

- *LaGarde v. Support.com, Inc.*, No. 12-cv-00609-JSC (N.D. Cal.): Lead counsel in class action alleging that defendant deceptively designed and marketed its computer repair software. Case settled for $8.59 million.

- *Ledet v. Ascentive LLC*, No. 11-CV-294-PBT (E.D. Pa.): Lead counsel in class action alleging that defendant deceptively designed and marketed its computer repair software. Case settled for $9.6 million.

- *Webb v. Cleverbridge, Inc.*, No. 1:11-cv-04141 (N.D. Ill.): Lead counsel in class action alleging that defendant deceptively designed and marketed its computer repair software. Case settled for $5.5 million.

### *Video Games*

EDELSON PC has litigated cases video-game related cases against Activision Blizzard Inc., Electronic Arts, Inc., Google, and Zenimax Media, Inc.

## MORTGAGE & BANKING

EDELSON PC has been at the forefront of class action litigation arising in the aftermath of the federal bailouts of the banks. Our suits include claims that certain banks unlawfully suspended home credit lines based on pre-textual reasons, and that certain banks have failed to honor loan modification programs. We achieved the first federal appellate decision in the country recognizing the right of borrowers to enforce HAMP trial plans under state law. The court noted that "[p]rompt resolution of this matter is necessary not only for the good of the litigants but for the good of the Country." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 586 (7th Cir. 2012) (Ripple, J., concurring). Our settlements have restored billions of dollars in home credit lines to people throughout the country. Representative cases and settlements include:

- *In re JP Morgan Chase Bank Home Equity Line of Credit Litig.*, No. 10-cv-3647 (N.D. Ill.): Court appointed interim co-lead counsel in nationwide putative class action alleging illegal suspensions of home credit lines. Settlement restored between $3.2 billion and $4.7 billion in credit to the class.

- *Hamilton v. Wells Fargo Bank, N.A.*, No. 09-cv-04152-CW (N.D. Cal.): Lead counsel in class actions challenging Wells Fargo's suspensions of home equity lines of credit. Nationwide settlement restores access to over $1 billion in credit and provides industry leading service enhancements and injunctive relief.

- *In re Citibank HELOC Reduction Litig.*, No. 09-cv-0350-MMC (N.D. Cal.): Lead counsel in class actions challenging Citibank's suspensions of home equity lines of credit. The settlement restored up to $653,920,000 worth of credit to affected borrowers.

- *Wigod v. Wells Fargo*, No. 10-cv-2348 (N.D. Ill.): In ongoing putative class action, obtained first appellate decision in the country recognizing the right of private litigants to sue to enforce HAMP trial plans.

## GENERAL CONSUMER PROTECTION CLASS ACTIONS

We have successfully prosecuted countless class actions against computer software companies, technology companies, health clubs, dating agencies, phone companies, debt collectors, and other businesses on behalf of consumers. In addition to the settlements listed below, EDELSON PC have litigated consumer fraud cases in courts nationwide against companies such as Motorola Mobility, Stonebridge Benefit Services, J.C. Penney, Sempris LLC, and Plimus, LLC. Representative settlements include:

### Mobile Content

We have prosecuted over 100 cases involving mobile content, settling numerous nationwide class actions, including against industry leader AT&T Mobility, collectively worth over a hundred million dollars.

- *McFerren v. AT&T Mobility, LLC*, No. 08-CV-151322 (Fulton Cnty. Super. Ct., Ga.): Lead counsel class action settlement involving 16 related cases against largest wireless service provider in the nation. "No cap" settlement provided virtually full refunds to a nationwide class of consumers who alleged that unauthorized charges for mobile content were placed on their cell phone bills.

- *Paluzzi v. Cellco Partnership*, No. 07 CH 37213 (Cir. Ct. Cook Cnty., Ill.): Lead counsel in class action settlement involving 27 related cases

alleging unauthorized mobile content charges. Case settled for $36 million.

- *Gray v. Mobile Messenger Americas, Inc.*, No. 08-CV-61089 (S.D. Fla.): Lead counsel in case alleging unauthorized charges were placed on cell phone bills. Case settled for $12 million.

- *Parone v. m-Qube, Inc.*, No. 08 CH 15834 (Cir. Ct. Cook Cnty., Ill.): Lead counsel in class action settlement involving over 2 dozen cases alleging the imposition of unauthorized mobile content charges. Case settled for $12.254 million.

- *Williams v. Motricity, Inc.*, No. 09 CH 19089 (Cir. Ct. Cook Cnty., Ill.): Lead counsel in class action settlement involving 24 cases alleging the imposition of unauthorized mobile content charges. Case settled for $9 million.

- *VanDyke v. Media Breakaway, LLC*, No. 08 CV 22131 (S.D. Fla.): Lead counsel in class action settlement alleging unauthorized mobile content charges. Case settled for $7.6 million.

- *Gresham v. Cellco Partnership*, No. BC 387729 (L.A. Super. Ct., Cal.): Lead counsel in case alleging unauthorized charges were placed on cell phone bills. Settlement provided class members with full refunds.

- *Abrams v. Facebook, Inc.*, No. 07-05378 (N.D. Cal.): Lead counsel in injunctive settlement concerning the transmission of allegedly unauthorized mobile content.

### Deceptive Marketing

- *Van Tassell v. UMG*, No. 1:10-cv-2675 (N.D. Ill.): Lead counsel in negative option marketing class action. Case settled for $2.85 million.

- *McK Sales Inc. v. Discover Bank*, No. 10-cv-02964 (N.D. Ill.): Lead counsel in class action alleging deceptive marketing aimed at small businesses. Case settled for $6 million.

- *Farrell v. OpenTable*, No. 11-cv-01785 (N.D. Cal.): Lead counsel in gift certificate expiration case. Settlement netted class over $3 million in benefits.

- *Ducharme v. Lexington Law*, No. 10-cv-2763 (N.D. Cal): Lead counsel in CROA class action. Settlement resulted in over $6 million of benefits to the class.

- *Pulcini v. Bally Total Fitness Corp.*, No. 05 CH 10649 (Cir. Ct. Cook Cnty., Ill.): Co-lead counsel in four class action lawsuits brought against two health clubs and three debt collection companies. A global settlement provided the class with over $40 million in benefits, including cash payments, debt relief, and free health club services.

- *Kozubik v. Capital Fitness, Inc.*, 04 CH 627 (Cir. Ct. Cook Cnty., Ill.): Co-lead counsel in state-wide suit against a leading health club chain, which settled in 2004, providing the over 150,000 class members with between $11 million and $14 million in benefits, consisting of cash refunds, full debt relief, and months of free health club membership.

- *Kim v. Riscuity*, No. 06 C 01585 (N.D. Ill.): Co-lead counsel in suit against a debt collection company accused of attempting to collect on illegal contracts. The case settled in 2007, providing the class with full debt relief and return of all money collected.

- *Jones v. TrueLogic Financial Corp.*, No. 05 C 5937 (N.D. Ill.): Co-lead counsel in suit against two debt collectors accused of attempting to collect on illegal contracts. The case settled in 2007, providing the class with approximately $2 million in debt relief.

- *Fertelmeyster v. Match.com*, No. 02 CH 11534 (Cir. Ct. Cook Cnty., Ill.): Co-lead counsel in a state-wide class action suit brought under Illinois consumer protection statutes. The settlement provided the class with a collective award with a face value in excess of $3 million.

- *Cioe v. Yahoo!, Inc.*, No. 02 CH 21458 (Cir. Ct. Cook Cnty., Ill.): Co-lead counsel in a state-wide class action suit brought under state consumer protection statutes. The settlement provided the class with a collective award with a face value between $1.6 million and $4.8 million.

- *Zurakov v. Register.com*, No. 01-600703 (N.Y. Sup. Ct., N.Y. Cnty.): Co-lead counsel in a class action brought on behalf of an international class of over one million members against Register.com for its allegedly deceptive practices in advertising on "coming soon" pages of newly registered Internet domain names. Settlement required Register.com to fully disclose its practices and provided the class with relief valued in excess of $17 million.

## PRODUCTS LIABILITY CLASS ACTIONS

We have been appointed lead counsel in state and federal products liability class settlements, including a $30 million settlement resolving the "Thomas the Tank Engine" lead paint recall cases and a $32 million settlement involving the largest pet food recall in the history of the United States and Canada. Representative settlements include:

- *Barrett v. RC2 Corp.*, No. 07 CH 20924 (Cir. Ct. Cook Cnty., Ill.): Co-lead counsel in lead paint recall case involving Thomas the Tank toy trains. Settlement is valued at over $30 million and provided class with full cash refunds and reimbursement of certain costs related to blood testing.

- *In re Pet Food Products Liability Litig.*, No. 07-2867 (D.N.J.): Part of mediation team in class action involving largest pet food recall in United States history. Settlement provided $24 million common fund and $8 million in charge backs.

## INSURANCE CLASS ACTIONS

We have prosecuted and settled multi-million dollar suits against J.C. Penney Life Insurance for allegedly illegally denying life insurance benefits under an unenforceable policy exclusion and against a Wisconsin insurance company for terminating the health insurance policies of groups of self-insureds. Representative settlements include:

- *Holloway v. J.C. Penney*, No. 97 C 4555 (N.D. Ill.): One of the primary attorneys in a multi-state class action suit alleging that the defendant illegally denied life insurance benefits to the class. The case settled in or around December 2000, resulting in a multi-million dollar cash award to the class.

- *Ramlow v. Family Health Plan* (Wisc. Cir. Ct., WI): Co-lead counsel in a class action suit challenging defendant's termination of health insurance to groups of self-insureds. The plaintiff won a temporary injunction, which was sustained on appeal, prohibiting such termination and eventually settled the case ensuring that each class member would remain insured.

## MASS/CLASS TORT CASES

Our attorneys were part of a team of lawyers representing a group of public housing residents in a suit based upon contamination related injuries, a group of employees exposed to second-hand smoke on a riverboat casino, and a class of individuals suing a hospital and national association of blood banks for failure to warn of risks related to blood transfusions. Representative settlements include:

- *Aaron v. Chicago Housing Authority*, No. 99 L 11738 (Cir. Ct. Cook Cnty., Ill.): Part of team representing a group of public housing residents bringing suit over contamination-related injuries. Case settled on a mass basis for over $10 million.

- *Januszewski v. Horseshoe Hammond*, No. 2:00CV352JM (N.D. Ind.): Part of team of attorneys in mass suit alleging that defendant riverboat casino

caused injuries to its employees arising from exposure to second-hand smoke.

The firm's cases regularly receive attention from local, national, and international media. Our cases and attorneys have been reported in the Chicago Tribune, USA Today, the Wall Street Journal, the New York Times, the LA Times, by the Reuters and UPI news services, and BBC International. Our attorneys have appeared on numerous national television and radio programs, including ABC World News, CNN, Fox News, NPR, and CBS Radio, as well as television and radio programs outside of the United States. We have also been called upon to give congressional testimony and other assistance in hearings involving our cases.

## GENERAL COMMERCIAL LITIGATION

Our attorneys have handled a wide range of general commercial litigation matters, from partnership and business-to-business disputes to litigation involving corporate takeovers. We have handled cases involving tens of thousands of dollars to "bet the company" cases involving up to hundreds of millions of dollars. Our attorneys have collectively tried hundreds of cases, as well as scores of arbitrations and mediations.

## OUR ATTORNEYS

**JAY EDELSON** is the founder and Managing Partner OF EDELSON PC. He has been recognized as one of the nation's leading class action lawyers, especially in the areas of privacy, technology, and consumer advocacy. His notable cases include ones involving the national banks' suspensions of home equity lines of credit in the aftermath of the housing collapse, which resulted in the restoration of billions of dollars of consumer credit lines. He has developed much of the positive law under the Telephone Consumer Protection Act, especially in the area of text message spam, resulting in settlements collectively worth over a hundred millions of dollars and earning him the moniker, "the Spam Slammer." Jay has been recognized as a "pioneer" in the emerging field of electronic privacy, having established key precedent in cases throughout the country and reaching some of the most important settlements in this space. Based primarily on his success in bringing consumer technology class actions, the national press has dubbed Jay and his firm the "most feared" litigators in Silicon Valley and, according to the New York Times, tech's "babyfaced … boogeyman." The international press has called Jay one of the world's "profiliertesten (most prominent)" privacy class action attorneys.

In addition to complex defense-side litigation, which he handles only in select cases, Jay also offers strategic support to start-ups, including several that have become national brands.

Jay is a frequent speaker and writer on class action issues, the practice of law more generally, and training and law firm management — the latter earning him recognition by the ABA as one of "the most creative minds in the legal industry". He is an adjunct professor at Chicago-Kent School of Law, where he has taught seminars on class actions and negotiation. He has written a blog for Thomson Reuters, called Pardon the Disruption, where he focused on ideas necessary to reform and reinvent the legal industry.

**RYAN D. ANDREWS** is a Partner at EDELSON PC. He presently leads the firm's complex case resolution and appellate practice group, which oversees the firm's class settlements, class notice programs, and briefing on issues of first impression.

Ryan has been appointed class counsel in numerous federal and state class actions nationwide that have resulted in over $100 million dollars in refunds to consumers, including: *Satterfield v. Simon & Schuster*, No. C 06 2893 CW (N.D. Cal.): *Ellison v Steve Madden, Ltd.*, No. cv 11-5935 PSG (C.D. Cal.); *Robles v. Lucky Brand Dungarees, Inc.*, No. 10-cv-04846 (N.D. Cal.); *Lozano v. 20th Century Fox*, No. 09-cv-05344 (N.D. Ill.): *Paluzzi v. Cellco Partnership*, No. 07 CH 37213 (Cir. Ct. Cook Cnty., Ill.); and *Lofton v. Bank of America Corp.*, No. 07-5892 (N.D. Cal.).

Representative reported decisions include: *Lozano v. Twentieth Century Fox*, 702 F. Supp. 2d 999 (N.D. Ill. 2010), *Satterfield v. Simon & Schuster, Inc.* 569 F.3d 946 (9th Cir. 2009), *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010); *In re Jiffy Lube Int'l Text Spam Litig.*, 847 F. Supp. 2d 1253 (S.D. Cal. 2012); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292 (N.D. Cal. 2013); and *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292 (D. Nev. Mar. 26, 2014).

Ryan graduated from the University of Michigan, earning his B.A., with distinction, in Political Science and Communications. Ryan received his J.D. with High Honors from the Chicago-Kent College of Law and was named Order of the Coif. Ryan has served as an Adjunct Professor of Law at Chicago-Kent, teaching a third-year seminar on class actions. While in law school, Ryan was a Notes & Comments Editor for The Chicago-Kent Law Review, earned CALI awards for the highest grade in five classes, and was a teaching assistant for both Property Law and Legal Writing courses. Ryan externed for the Honorable Joan B. Gottschall in the United State District Court for the Northern District of Illinois.

Ryan is licensed to practice in Illinois state courts, the United States District Court for the Northern District of Illinois, the U.S. Court of Appeals for the Seventh Circuit, and the U.S. Court of Appeals for the Ninth Circuit.

**RAFEY S. BALABANIAN** is the Managing Partner of Edelson PC's San Francisco office.  He also serves as the firm's General Counsel. Rafey's practice focuses upon a wide range of complex consumer class action litigation, as well as general business litigation. In the class action context, Rafey has extensive experience both prosecuting and defending class actions.

On the plaintiff's side, Rafey has been appointed lead counsel in numerous class actions, and has achieved landmark settlements involving the telecom industry worth hundreds of millions of dollars, including nationwide settlements in the cases *Pimental, et al. v. Google, Inc.*, No. 11-cv-2585 (N.D. Cal.); *Van Dyke v. Media Breakaway, LLC*, No. 08-cv-22131 (S.D. Fla.); *Williams v. Motricity, Inc., et al.*, No. 09 CH 19089 (Cir. Ct. Cook Cnty., Ill.); and *Walker v. OpenMarket, Inc., et al.*, No. 08 CH 40592 (Cir. Ct. Cook Cnty., Ill.).

Rafey's plaintiff's class action practice also focuses on consumer privacy issues and some of his most notable accomplishments include nationwide settlements reached with companies such as

Netflix (*In re Netflix Privacy Litig.*, No. 11-cv-379 (N.D. Cal.)) and RockYou (*Claridge v. RockYou, Inc.*, No. 09-cv-6030 (N.D. Cal.)). Rafey also led the effort to secure adversarial class certification of what is believed to be the largest privacy class action in the history of U.S. jurisprudence in the case of *Dunstan, et al. v. comScore, Inc.*, No. 11-cv-5807 (N.D. Ill.).

On the business side, Rafey has counseled clients ranging from "emerging technology" companies, real estate developers, hotels, insurance companies, lenders, shareholders and attorneys. He has successfully litigated numerous multi-million dollar cases, including several "bet the company" cases. And, with respect to the defense of class action, Rafey's practice focuses mainly on the defense of corporate clients facing wage and hour lawsuits brought under the Fair Labor Standards Act.

Rafey received his J.D. from the DePaul University College of Law in 2005. While in law school, he received a certificate in international and comparative law. A native of Colorado, Rafey received his B.A. in History, with distinction, from the University of Colorado – Boulder in 2002.

**CHRISTOPHER L. DORE** is a Partner at EDELSON PC where he focuses his practice on emerging consumer technology issues, with his cases relating to online fraud, deceptive marketing, consumer privacy, negative option membership enrollment, and unsolicited text messaging. Chris is also a member of the firm's Incubation and Startup Development Group wherein he consults with emergent businesses.

Chris has been appointed class counsel in multiple class actions, including one of the largest text-spam settlements under the Telephone Consumer Protection Act, groundbreaking issues in the mobile phone industry and fraudulent marketing, as well as consumer privacy. *See Kramer v. Autobytel, Inc.*, No. 10-cv-02722-CW (N.D. Cal.); *Turner v. Storm8, LLC*, No. 09-cv-05234 (N.D. Cal.); *Standiford v Palm, Inc.*, No. 09-cv-05719-LHK (N.D. Cal.); and *Espinal v. Burger King Corp.*, No. 09-cv-20982 (S.D. Fla.). In addition, Chris has achieved groundbreaking court decisions protecting consumer rights. Representative reported decisions include: *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855 (N.D. Cal. 2011); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010); and *Van Tassell v. United Marketing Group, LLC*, 795 F. Supp. 2d 770 (N.D. Ill. 2011). In total, his suits have resulted in hundreds of millions of dollars to consumers.

Outside of consumer class actions, Chris actively advises technology related startups, including providing compliance and marketing guidance, as well as hands-on concept and business development.

Prior to joining EDELSON PC, Chris worked for two large defense firms in the areas of employment and products liability. Chris graduated *magna cum laude* from The John Marshall Law School, where he served as the Executive Lead Articles for the Law Review, as well as a team member for the D.M. Harish International Moot Court Competition in Mumbai, India. Chris has since returned to his alma mater to lecture on current issues in class action litigation and negations.

Before entering law school, Chris received his Masters degree in Legal Sociology, graduating *magna cum laude* from the International Institute for the Sociology of Law, located in Onati, Spain. Chris received his B.A. in Legal Sociology from the University of California, Santa Barbara.

**ALEXANDER T.H. NGUYEN** is a Partner at EDELSON PC and leads the firm's Complex Trials Team.

Before joining the firm, Alex served as federal prosecutor and deputy chief of the cybercrime unit for the United States Attorney's Office in the Eastern District of Virginia in Alexandria, Virginia. In that capacity, he investigated, prosecuted, supervised, and tried a wide range of computer crime and intellectual property matters, including hacking and cyber intrusions, data breaches, intellectual property violations, large-scale identity theft and online fraud, national security, trade secrets, and online child exploitation matters. Before that, he also served as a federal prosecutor for the United States Attorney's Office in the Eastern District of Pennsylvania in Philadelphia, Pennsylvania, where he prosecuted criminal matters, including tax evasion, political corruption, fraud, money laundering, terrorism, narcotics, and violent crime.

In 2010 and 2011, he served in the Office of the White House Counsel to help manage and implement key White House law and public policy initiatives, helped respond to congressional oversight investigations, provided ethics advice to senior officials, and assisted with political appointments.

Alex graduated *magna cum laude* from Harvard University and received his J.D. from Yale Law School. He has previously served on the board of the Asian Pacific American Bar Association Educational Fund and was the president of the Vietnamese American Bar Association in Washington, D.C.

**ROGER PERLSTADT** is a Partner at EDELSON PC, where he concentrates on appellate and complex litigation advocacy. He has briefed and argued appeals and motions in both federal and state appellate courts.

Prior to joining the firm, Roger was a law clerk to United States District Court Judge Elaine E. Bucklo, an associate at a litigation boutique in Chicago, and a Visiting Assistant Professor at the University of Florida Levin College of Law. He has published articles on the Federal Arbitration Act in various law reviews.

Roger has been named a Rising Star by *Illinois Super Lawyer Magazine* four times since 2010.

Roger graduated from the University of Chicago Law School, where he was a member of the University of Chicago Law Review. After law school, he served as a clerk to the Honorable Elaine E. Bucklo of the United States District Court for the Northern District of Illinois.

**EVE-LYNN J. RAPP** is a Partner at EDELSON PC, focusing her practice in the areas of class action and general litigation.

Prior to joining the firm, Eve-Lynn was involved in numerous class action cases in the areas of consumer and securities fraud, debt collection abuses, and public interest litigation. Eve-Lynn has substantial experience in both state and federal courts, including successfully briefing issues in both the United States and Illinois Supreme Courts.

Eve-Lynn received her J.D. from Loyola University of Chicago-School of Law, graduating *cum laude*, with a Certificate in Trial Advocacy. During law school, Eve-Lynn was an Associate Editor of Loyola's International Law Review and externed as a "711" at both the Cook County State's Attorney's Office and for Cook County Commissioner Larry Suffredin. Eve-Lynn also clerked for both civil and criminal judges (Honorable Yvonne Lewis and Plummer Lott) in the Supreme Court of New York.

Eve-Lynn graduated from the University of Colorado, Boulder, with distinction and Phi Beta Kappa honors, receiving a B.A. in Political Science.

**BENJAMIN H. RICHMAN** is a Partner at EDELSON PC. He handles plaintiffs'-side consumer class actions, focusing mainly on technology-related cases, represents corporate defendants in class actions, and handles general commercial litigation matters.

On the plaintiff's side, Ben has brought industry-changing lawsuits involving the marketing practices of the mobile industry, print and online direct advertisers, and Internet companies. He has successfully prosecuted cases involving privacy claims and the negligent storage of consumer data. His suits have also uncovered complex fraudulent methodologies of Web 2.0 companies, including the use of automated bots to distort the value of consumer goods and services. In total, his suits have resulted in hundreds of millions of dollars to consumers.

On the defense side, Ben has represented large institutional lenders in the defense of employment class actions. He also routinely represents technology companies in a wide variety of both class action defense and general commercial litigation matters.

Ben received his J.D. from The John Marshall Law School, where he was an Executive Editor of the Law Review and earned a Certificate in Trial Advocacy. While in law school, Ben served as a judicial extern to the Honorable John W. Darrah of the United States District Court for the Northern District of Illinois, in addition to acting as a teaching assistant for Prof. Rogelio Lasso in several torts courses. Ben has since returned to the classroom as a guest-lecturer on issues related to class actions, complex litigation and negotiation. He also lectures incoming law students on the core first year curriculums. Before entering law school, Ben graduated from Colorado State University with a B.S. in Psychology.

Ben is also the director of EDELSON PC'S Summer Associate Program.

**ARI J. SCHARG** is a Partner at EDELSON PC and leads the firm's Data Security Litigation Group. He handles technology-related class actions, focusing mainly on cases involving privacy and data security issues, including the illegal collection, storage, and disclosure of personal information and text message spam. Ari has been appointed class counsel by state and federal courts in several nationwide class actions, including *Fox v. Time, Inc.*, No. 12-cv-14390 (E.D.

Mich. July 27, 2015); *Halaburda v. Bauer Publishing Co.*, No. 12-cv-12831 (E.D. Mich.); *Resnick v. Avmed*, No. 10-cv-24513 (S.D. Fla.); *In re: LinkedIn User Privacy Litigation*, No. 5:12-cv-03088 (N.D. Cal.); *Coffman v. Glide Talk, Ltd.*, No. 14 CH 08513 (Cir. Ct. Cook Cnty, Ill.); *Webb v. Cleverbridge, et al.*, No. 11-cv-4141 (N.D. Ill.); *Ledet v. Ascentive*, No. 11-cv-294 (E.D. Penn.); and *Grant v. Commonwealth Edison Company*, No. 13-cv-8310 (N.D. Ill.), and was appointed sole-lead class counsel in *Loewy v. Live Nation*, No. 11-cv-4872 (N.D. Ill.), where the court praised his work as "impressive" and noted that he "understand[s] what it means to be on a team that's working toward justice." Ari was selected as an Illinois Rising Star (2013, 2014, 2015) by Super Lawyers.

Prior to joining the firm, Ari worked as a litigation associate at a large Chicago firm, where he represented a wide range of clients including Fortune 500 companies and local municipalities. His work included representing the Cook County Sheriff's Office in several civil rights cases and he was part of the litigation team that forced Craigslist to remove its "Adult Services" section from its website.

Ari received his B.A. in Sociology from the University of Michigan – Ann Arbor and graduated magna cum laude from The John Marshall Law School where he served as a Staff Editor for THE JOHN MARSHALL LAW REVIEW and competed nationally in trial competitions. During law school, he also served as a judicial extern to The Honorable Bruce W. Black of the U.S. Bankruptcy Court for the Northern District of Illinois.

**COURTNEY BOOTH** is an Associate at EDELSON PC where her practice focuses on consumer and tech-related class actions.

Courtney received her J.D., *magna cum laude*, from The John Marshall Law School. While in law school, she was a staff editor of The John Marshall Law Review, a teaching assistant for Legal Writing and Civil Procedure, and a member of the Moot Court Honor Society. Courtney represented John Marshall at the Mercer Legal Ethics and Professionalism Competition where she was a semi-finalist and won Best Respondent's Brief and at the Cardozo/BMI Entertainment and Communications Law Competition where she placed in the top three oralists. Courtney was a 2013 Member of the National Order of Scribes.

Courtney focuses her public service efforts on providing settlement-related assistance to *pro se* plaintiffs. In one of her recent *pro bono* cases, the Court recognized Courtney's efforts and "express[ed] its appreciation" to her, stating that "[t]he work she has done for the plaintiff is of the highest order and the way she has conducted herself in court is to be commended." *See Sroga v. City of Chicago*, No. 12-cv-9288, Dkt. 65 (N.D. Ill. Aug. 6, 2014).

Prior to law school, Courtney attended Saint Louis University where she earned a B.A. in Communication. While there, she was a community relations intern for the St. Louis Blues.

**JONATHAN W. HODGE** is an Associate at EDELSON PC where his practice focuses on complex consumer class actions.

Prior to joining EDELSON PC, Jonathan handled complex commercial litigation at an Am Law 100 defense firm, where he drove successful outcomes in matters with as much as $100,000,000 in controversy. Previously, Jonathan served as a consultant for a tech incubator where he helped clients form new business based on patent-protected technologies developed at the University of Michigan. He also served in the accounting department of Nucor Steel-Hertford, where his IT skillsets helped him largely automate the monitoring of the largest cost at a multibillion-dollar division of America's largest steel company.

Jonathan received his J.D. from the University of Michigan Law School. While in law school, Jonathan participated in the Campbell Moot Court and the Frank Murphy Society 1L Oral Advocacy Competition. He was awarded Legal Practice Honors for performing in the top 20% of his first-year legal research and writing classes.

Jonathan graduated *summa cum laude* from Chowan University, earning his B.S. in Business Administration with a double concentration in Information Systems and Accounting.

**JAMIE J. R. HOLZ** is an Associate at EDELSON PC where his practice focuses on tech and privacy-related class actions.

Jamie received his J.D., *magna cum laude*, from The John Marshall Law School. While attending law school, Jamie participated in The John Marshall Law Review and the Moot Court Honors Council, and was a Board Member for The John Marshall Trial Advocacy and Dispute Resolution Honors Board. Jamie competed nationally on several alternative dispute resolution teams, was the Herzog Moot Court Competition champion and a two-time Triple Crown Alternative Dispute Resolution Competition champion.

Jamie was an extern to the Honorable Arlander Keys in the United States District Court for the Northern District of Illinois and with the Cook County State's Attorney's Office. Jamie completed his time at John Marshall as a David R. Sargis Scholar and walked away with CALI awards in property law and civil procedure.

Prior to law school, Jamie attended Loras College where he earned a B.A. in Creative Writing and English Literature.

**ALICIA HWANG** is an Associate at EDELSON PC. Alicia practices in the area of consumer class action and general litigation.

Alicia received her J.D. from the Northwestern University School of Law, where she was an articles editor for the Journal of Law and Social Policy. During law school, Alicia was a legal intern for the Chinese American Service League, served as president of the Asian Pacific American Law Student Association and the Student Animal Legal Defense Fund, and was Chair of the Student Services Committee. She also worked as a student in the Northwestern Entrepreneurship Law Clinic and Complex Civil Litigation and Investor Protection Clinic.

Prior to joining EDELSON PC, Alicia worked as an Executive Team Leader for the Target Corporation, as well as a public relations intern for a tourism-marketing agency in London.

Alicia graduated *magna cum laude* from the University of Southern California, earning her B.A. in Communication. She is a member of the Phi Beta Kappa honor society.

**NICK LARRY** is an Associate at EDELSON PC where his practice focuses on technology and privacy class actions.

Nick has been appointed class counsel in multiple class actions that have resulted in tens of millions of dollars in refunds to consumers, including: *In re LinkedIn User Privacy Litig.*, No. 12-cv-3088 (N.D. Cal.); *Halaburda v. Bauer Publishing Co., LP*, No. 12-cv-12831 (E.D. Mich.); *Dunstan v. comScore*, No. 11-cv-5807 (N.D. Ill.); and *In re Netflix Privacy Litig.*, No. 11-cv-379 (N.D. Cal.).

Nick received his J.D., *cum laude*, from Northwestern University School of Law, where he was a senior editor of the Northwestern University Journal of International Law and Business. His student Comment, which examines the legal issues that may arise from National Hockey League players' participation in the 2014 Olympic Winter Games, appears in Vol. 32, No. 3A of the Northwestern University Journal of International Law and Business.

Nick attended Michigan State University, where he graduated with a B.A. in General Business Administration/Pre-law and played on the school's rugby team.

**J. AARON LAWSON** is an Associate at EDELSON PC where his practice focuses on appeals and complex motion practice.

Before coming to Edelson, Aaron served for two years as a Staff Attorney for the United States Court of Appeals for the Seventh Circuit, handling appeals involving a wide variety of subject matter, including consumer-protection law, employment law, criminal law, and federal habeas corpus. While at the University of Michigan Law School, Aaron served as the Managing Editor for the Michigan Journal of Race & Law, and participated in the Federal Appellate Clinic. In the clinic, Aaron briefed a direct criminal appeal to the United States Court of Appeals for the Sixth Circuit, and successfully convinced the court to vacate his client's sentence.

**TODD LOGAN** is an Associate at Edelson PC, where he focuses on privacy and technology-related class actions.

**DAVID I. MINDELL** is an Associate at EDELSON PC where he helps direct a team of attorneys and engineers in investigating and litigating cases involving complex tech fraud and privacy violations. His team's research has led to lawsuits involving the fraudulent development, marketing, and sale of computer software, unlawful tracking of consumers through mobile-devices and computers, unlawful collection, storage, and dissemination of consumer data, mobile-device privacy violations, large-scale data breaches, and the Bitcoin industry. On the other side, David also serves as a consultant to a variety of emerging technology companies.

Prior to joining EDELSON PC, David co-founded several tech, real estate, and hospitality related ventures, including a tech startup that was acquired by a well-known international corporation within its first three years. David has advised tech companies on a variety of legal and strategic

business-related issues, including how to handle and protect consumer data. He has also consulted with startups on the formation of business plans, product development, and launch.

While in law school, David was a research assistant for University of Chicago Law School Kauffman and Bigelow Fellow, Matthew Tokson, and for the preeminent cyber-security professor, Hank Perritt at the Chicago-Kent College of Law. David's research included cyberattack and denial of service vulnerabilities of the Internet, intellectual property rights, and privacy issues.

David has spoken to a wide range of audiences about his investigations and practice.

**AMIR MISSAGHI** is an Associate at EDELSON PC where he focuses on technology and privacy class actions.

Amir received his J.D. from the Chicago-Kent College of Law, where he was a member of the Moot Court Honor Society and a teaching assistant in Property. Before law school, he attended the University of Minnesota, where he received his B.S. and M.S. in Applied Economics. He then began working at a Fortune 50 company as a programmer and data analyst. During that time Amir started working on his graduate studies in Applied Economics where he focused on analyzing consumer choice in healthcare markets.

**BEN THOMASSEN** is an Associate at EDELSON PC. At the firm, Ben's practice centers on the prosecution of class actions cases that address federally protected privacy rights and issues of consumer fraud—several of which have established industry-changing precedent. Among other high profile cases, Ben recently played key roles in delivering the winning oral argument before the United States Court of Appeals for the Eleventh Circuit in *Curry v. AvMed*, 693 F.3d 1317 (11th Cir. 2012) (a data breach case that has, following the Eleventh Circuit's decision, garnered national attention both within and without the legal profession) and securing certification of a massive consumer class in *Dunstan v. comScore*, No. 11 C 5807, 2013 WL 1339262 (N.D. Ill. Apr. 2, 2013) (estimated by several sources as the largest privacy case ever certified on an adversarial basis).

Ben received his J.D., *magna cum laude*, from the Chicago-Kent College of Law, where he also earned his certificate in Litigation and Alternative Dispute Resolution and was named Order of the Coif. At Chicago-Kent, Ben was Vice President of the Moot Court Honor Society and earned (a currently unbroken firm record of) seven CALI awards for receiving the highest grade in Appellate Advocacy, Business Organizations, Conflict of Laws, Family Law, Personal Income Tax, Property, and Torts.

Before settling into his legal career, Ben worked in and around the Chicago and Washington, D.C. areas in a number of capacities, including stints as a website designer/developer, a regular contributor to a monthly Capitol Hill newspaper, and a film projectionist and media technician (with many years experience) for commercial theatres, museums, and educational institutions. Ben received his Bachelor of Arts, *summa cum laude*, from St. Mary's College of Maryland and his Master of Arts from the University of Chicago.

**ALEXANDER G. TIEVSKY** is an Associate at Edelson PC, where he concentrates on complex motion practice and appeals in consumer class action litigation.

He received his J.D. from the Northwestern University School of Law, where he graduated from the two-year accelerated J.D. program. While in law school, Alex was Media Editor of the Northwestern University Law Review. He also worked as a member of the Bluhm Legal Clinic's Center on Wrongful Convictions. Alex maintains a relationship with the Center and focuses his public service work on seeking to overturn unjust criminal convictions in Cook County.

Alex's past experiences include developing internal tools for an enterprise software company and working as a full-time cheesemonger. He received his A.B. in linguistics with general honors from the College of the University of Chicago.

**SAMUEL LASSER** is Of Counsel to EDELSON PC.

Samuel graduated with a degree in history from the University of Michigan (Ann Arbor) and received his J.D. from the University of San Francisco.

**SHAWN DAVIS** is the Director of Digital Forensics at Edelson PC, where he leads a technical team in investigating claims involving privacy violations and tech-related abuse. His team's investigations have included claims arising out of the fraudulent development, marketing, and sale of computer software, unlawful tracking of consumers through digital devices, unlawful collection, storage, and dissemination of consumer data, large-scale data breaches, receipt of unsolicited communications, and other deceptive marketing practices.

Prior to joining Edelson PC, Shawn worked for Motorola Solutions in the Security and Federal Operations Centers as an Information Protection Specialist. Shawn's responsibilities included network and computer forensic analysis, malware analysis, threat mitigation, and incident handling for various commercial and government entities.

Shawn has been a member of the adjunct faculty of the School of Applied Technology at the Illinois Institute of Technology (IIT) since December of 2013. Additionally, Shawn is a faculty member of the IIT Center for Cyber Security and Forensics Education which is a collaborative space between business, government, academia, and security professionals. Shawn's contributions aided in IIT's designation as a National Center of Academic Excellence in Information Assurance by the National Security Agency.

Shawn graduated with high honors from the Illinois Institute of Technology with a Masters of Information Technology Management with a specialization in Computer and Network Security. During graduate school, Shawn was inducted into Gamma Nu Eta, the National Information Technology Honor Society.